## Robertson, et al. v. City of Paducah.

(Decided January 12, 1912.)

### Appeal from McCracken Circuit Court.

1. Municipalities—Street Construction—Negligence of Contractor—Mistake of Engineer—Injury to Pedestrian—Judgment Against City—Action by it Against Contractors for Indemnity.—A pedestrian, in a city after nightfall, in traveling a sidewalk, slipped and fell into a ditch which had been left open by the contractor, following a mistake of the assistant city engineer in locating it at the wrong place. She recovered a judgment against the city and the contractors, and assigned the judgment to R. who by a subsequent action and mandamus against the city compelled it to pay the judgment and costs. Held, that in an action brought by the city for indemnity against the contractors, that is to recover the amount it paid the assignee under the judgment for damages, the evidence entitled the city to the indemnity asserted.

2. Same.—It is apparent from the evidence that a reasonably safe way of crossing the ditch where the injury occurred was not provided, although by the terms of the contract appellants were required to provide same and in failing to provide sufficient light and a reasonably safe way of crossing the ditch, appellants were guilty of negligence.

3. Same—Proximate Cause.—The unsafe condition of the crossing was due to appellant's negligence, and such negligence was, as between them and appellee, the proximate cause of the injuries sustained.

HENDRICK & CRICE and D. G. PARK for appellants.

JAMES CAMPBELL, JR. for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In 1906, Miriam Lander brought suit in the McCracken Circuit Court against the appellee, City of Paducah, the Southern Bithulitic Company, and the appellants, Charles L. Robertson and George A. Gardner, to recover damages for personal injuries she received by falling into a ditch across the sidewalk on Kentucky ave-

nue, between Fifth and Sixth streets, in the city of Paducah.

In 1905, the City of Paducah pursuant to an ordinance duly passed by its council, entered into a written contract with the Southern Bithulitic Company, whereby the latter undertook, according to certain plans and specifications, the reconstruction of Kentucky avenue from the last curb line of First street, to the west property line of Ninth street. The work included the construction of underground storm water sewers along the curb line of the street, with laterals extending from the main sewer across the sidewalk to the property line, thereby providing connection between the abutting property and the main sewer. According to the contract, the entire work of reconstruction was to be performed under the supervision and control of the city engineer of Paducah, or his assistant.

After entering into the contract, the Southern Bithulitic Company, sublet the work of street and sewerage construction in question to the appellants, Charles L. Robertson and George A. Gardner, who agreed to carry out the contract of the Southern Bithulitic Company with the City of Paducah according to its terms and specifications. In constructing the sewers it became necessary to cut ditches across the sidewalk to put in the laterals extending from the property line to the main sewer; it being the duty of the city engineer or his assistant under the ordinance and contract to locate the place for cutting the ditches across the sidewalk and direct the work. Chappell, the Assistant City Engineer, by an error in the measurement of the "Y" branch of the main sewer, directed the cutting of a ditch across the sidewalk of Kentucky avenue, between Fifth and Sixth streets, at the wrong place. Appellants cut the ditch at the place indicated by Chappell, but after doing so they and Chappell discovered it was at the wrong place, as it did not strike the "Y" at the place of connection with the main sewer. When this was discovered appellants ordered their servants to refill the ditch, but before it was refilled the assistant engineer, Chappell, directed them not to close the ditch that night, but to throw the dirt back from the fence and make a plank walk way across the ditch for the use of pedestrians during the night. This was done by the servants of appellants; a signal light being left on a dump near the fence to warn passersby of the presence of the ditch.

The ditch was two feet in width and six feet in depth. There had been rain during the day, and the rain, together with the digging of the ditch, made the sidewalk near the ditch and plank walk across it, muddy and slippery. Shortly after nightfall Miss Lander in traveling the sidewalk to her residence slipped from the plank-way into the ditch and was injured.

Although a recovery was resisted by all the defendants, the trial of the case resulted in a verdict and judgment in her favor against the appellee, City of Paducah, and the appellants, Robertson & Gardner, for $750. Thereafter, Miss Lander sold and assigned the judgment to one George W. Robertson, and the latter, by a subsequent action and mandamus against the appellee, City of Paducah, compelled it to pay the amount of the judgment with interest and costs, following which the city of Paducah brought this action in equity against appellants for indemnity; that is to recover of them the amount it paid the assignee of Miss Lander in satisfaction of the judgment in her favor.

The recovery against appellants was sought by appellee upon the ground, as alleged in the petition, that though appellee was responsible to Miss Lander for the damages resulting from her injuries, because as to her appellants were its agents in the matter of providing the ditch with the plank-way from which she fell in crossing it, yet in fact their negligence in failing to make the plank crossing over the ditch reasonably safe for the use of pedestrians, was the sole and proximate cause of her injuries.

Appellants' answer as amended, traversed the averments of the petition, and alleged in substance that they made the ditch and left it open by order of appellees' assistant engineer, Chappell; and in the manner specifically directed by him placed the plank walk across the ditch; that by his further direction they put the signal light at the place ordered by him; and that if the means thus employed were not sufficient to make the crossing of the ditch reasonably safe for the use of persons traveling the sidewalk and by reason thereof Miss Lander was injured, it was because of the negligence of appellees' assistant engineer, which was the proximate cause of Miss Lander's injuries.

The case was submitted upon an agreed statement of facts, the entire record in the case of Lander v. City of Paducah, &c., and the depositions of the assistant engi-

neer, Chappell, and the appellant, Gardner, and the circuit court rendered judgment in favor of appellee for the full amount claimed in the petition. From that judgment this appeal is prosecuted.

The judgment was based on the ground that, as between appellee and appellants, the latter were, in respect to the injuries sustained by Miss Lander, the wrongdoers, and that as appellee was compelled to compensate her to the extent of the damages recovered therefor, it was in turn entitled to recover of appellants the amount so paid.

On the subject entitled "Contribution and Indemnity as Between Wrongdoers," Judge Cooley in his admirable work on the law of Torts, Vol. 1, page 254, has this to say:

"As under the rule already laid down, the party wronged may, at his election, compel any one of the parties chargeable with the act, or any number less than the whole to compensate him for the injury, it becomes a consideration of the highest importance to the person, or persons thus singled out and compelled to bear the loss, whether the others who were equally liable may be compelled to contribute for his relief. On this subject there is a general rule, and there are also some very important exceptions. The general rule may be found expressed in the maxim that no man can make his own misconduct the ground for an action in his own favor. If he suffers because of his own wrongdoing, the law will not relieve him. The law can not recognize equities as springing from a wrong in favor of one committing it. But there are some exceptions to the general rule which rest upon reasons at least as forcible as those which support the rule itself. There are cases where, although the law holds all the parties as wrongdoers to the injured party, yet, as between themselves some of them may not be wrongdoers at all, and their equity to require the others to respond for all the damages may be complete. There are many such cases where the wrongs are unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others."

In 22 Cyc., 99, it is said:

"It is a well established rule of law, that there can be no indemnity among tort feasors. But this rule does not apply with persons seeking indemnity who did not join in the unlawful act, although he may thereby be exposed to liability, or to one

who did not know, and was not presumed to know that his act was unlawful; it must appear that the parties are in pari delicto as to each other before plaintiff's recovery will be barred."

An excellent statement of the same doctrine may be found in Geneva v. Brush Electric Co., 50 Hun., 581, 3 N. Y. Supp., 595, wherein it is said:

"The cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured, are exceptions to the general rule, and are based upon principles of equity. Such exceptions obtain in two classes of cases: 1st. Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or, 2nd. Where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury."

We have repeatedly approved the correctness of the doctrine announced by the foregoing authorities, and recently applied it in the cases of Blocher v. City of Owensboro, 129 Ky., 75, and City of Georgetown v. Groff, &c., 136 Ky., 662.

It now remains to be seen whether its application to the facts of the case at bar will authorize the affirmance of the judgment of the circuit court. It is manifest from the evidence that the digging of the ditch and leaving it open over night were not unlawful or negligent acts, for the work of digging a ditch through the sidewalk was necessary in making the street improvements required by the contract under which appellants were employed; and the contract, as well as the ordinance authorizing and approving it, permitted the use of the sidewalk for making the ditch. It is not material that Chappell, the assistant engineer, made a mistake in locating the ditch where it was made, or that the mistake made it necessary to leave the ditch open until the following day. But in leaving it open over night it was necessary to provide, for the use of persons traveling the sidewalk, some way of crossing the ditch that would be reasonably safe for the purpose; and also to place at or near the ditch a light sufficient to warn them of the danger to be encountered in approaching and crossing the ditch and enable them to see how to cross it.

It is apparent from the evidence that this duty was not properly performed by appellants, although they were required by the terms of the contract to so perform it, for neither the plank-way laid by them, nor the light they provided made the crossing reasonably safe for use. Indeed, according to the evidence, it was unsafe, with little chance of its dangerous condition being discovered by persons attempting to cross the ditch. It is patent, therefore, that in thus failing to provide sufficient light and a reasonably safe way of crossing the ditch, appellants were guilty of negligence.

It seems to be conceded by appellants that the work of providing the ditch crossing was negligently performed by them, but they insist that it was done in the manner ordered by appellee's assistant engineer, who was charged with the duty of supervising and directing such work, and that his negligence in requiring the crossing to be made as it was constructed, was the proximate cause of Miss Lander's injuries and relieved them of any liability to appellee for the indemnity claimed.

In determining whether this contention should prevail we must be governed by the evidence, the whole of which on this point, is contained in the deposition of the appellant, Gardner, and that of Chappell, appellee's assistant engineer. Without commenting in detail upon the testimony of these two witnesses it is sufficient to say that from it as a whole the circuit court seems to have found, 1st. That the ditch was made by appellants at the place and in the manner directed by the assistant engineer. 2nd. That although it was left open over night by appellants by order of appellee's assistant engineer, and with the direction from him to provide a plank-way crossing over the ditch and signal light to give warning of the presence of the ditch, the assistant engineer did not direct the manner of appellants' doing the work of constructing the crossing, but left its performance to their judgment and was not present when the work was done. In this view of the matter the conclusion would seem to follow that the unsafe condition of the crossing was due to appellants' negligence and that such negligence was, as between appellants and appellee, the proximate cause of Miss Lander's injuries. Under the authorities this conclusion, if authorized by the proof, entitled appellee to the indemnity asserted.

This conclusion is not free from doubt, but on the record as a whole we are unable to say that the judgment of the circuit court is flagrantly against the evidence. This being true, the judgment should be and is affirmed.