## The Pullman Company v. Cincinnati, New Orleans & Texas Pacific Railroad Co.

(Decided March 13, 1912.)

### Appeal from Kenton Circuit Court
### (C. C. L. & E. Division).

1. Railroads—Pullman Company Building Cars—Defective Brakestaff Painting Over Defect—Liability for Injury to Employe of Railroad Company.—The Pullman company built for the Cincinnati, New Orleans and Texas Pacific Railroad Company a car with a defective brakestaff and painted over the defect. A brakeman of the railroad company was injured by reason of the defective brakestaff and the failure of the railroad company to inspect the car after it received it. The brakeman sued both companies. The court instructed the jury peremptorily to find for the Pullman Company and the jury returned a verdict against

the railroad company. The railroad company then brought suit against the Pullman Company for the amount which it had to pay under the judgment. Held, That the proceedings in the brakeman's suit are not a bar to an action by the railroad company against the Pullman Company, they not being adversary parties in that suit.

2. Same.—The Pullman Company may be required to pay the railroad company what it was required to pay the brakeman; the brakestaff being defective and known to be defective when the car was delivered or the defect being such that the Pullman Company should have known it, its negligence being the primary cause of the trouble.

SHAW & WARE and M. DURRETT for appellant.

JOHN GALVIN and MAURICE GALVIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On April 27, 1907, Joel H. Ward, a brakeman in the service of the Cincinnati, New Orleans & Texas Pacific Railway Company was sent by his superior upon a gondola car loaded with brick in the railroad yards at Ludlow, Kentucky; and while he was on the car in the discharge of his duty, undertook to stop it by applying the brake, but when he did this in turning the wheel at the top of the brakestaff, the brakestaff twisted in two, and he was thrown off and run over by the car, sustaining serious injuries to recover for which he brought suit against the railroad company and the Pullman Company on the ground that the railroad company was negligent in not properly inspecting the car; and that the Pullman Company had negligently made and delivered to the railroad company the car with a defective brakestaff, when it knew of the defect in the brakestaff or should have known of it, and painted it over so as to hide it. The corporations being non-residents of the State moved the court to transfer the case to the United States Circuit Court. The motion was sustained, but on appeal to this court it was held that the petition stated a cause of action against both companies and the resident defendants who were joined with them, and that the case should not have been removed to the United States Court. (See Ward v. Pullman Car Co., &c., 131 Ky., 142.) Ward was an infant. His father brought a suit to recover for the injury to his infant son against the Pullman Company. The circuit court at the conclusion of the evidence in-

structed the jury peremptorily to find for the defendant, but on the appeal to this court, it was held that the case should have gone to the jury. (Ward·v. Pullman Co., 138 Ky., 554.) On the return of the case to the circuit court the plaintiff recovered judgment, and this on appeal was affirmed by this court. (Pullman Co. v. Ward, 143 Ky., 727.) In the meantime the son's case which had been transferred to the United States Circuit Court was tried there. At the conclusion of the evidence the court instructed the jury peremptorily to find for the Pullman company, but submitted the case to the jury as to the railroad company. The jury returned a verdict for the plaintiff against the railroad company, and the court entered judgment on the verdict. The railroad company having paid off the judgment brought this suit against the Pullman Company to recover the money, $13,608.95, which it had paid under the judgment. The facts of the case are these: The railroad company ordered from the Pullman Company a number of gondola cars, including the one in question, which the Pullman company constructed for it. This car was received at Cincinnati on April 9, by the railroad company and was then inspected by it, the men who made the inspection not discovering the weld in the brakestaff as the paint concealed it. The car was then delivered to the Baltimore & Ohio Railroad Company at Cincinnati and taken to Portsmouth, Ohio, for a load of brick. It was there loaded with brick and brought back by the Baltimore & Ohio Railroad Company to Cincinnati, where it was again inspected by two servants of the railroad company, who did not discover any defect in the brakestaff by reason of the paint. The car was then sent with its load of brick to Ludlow, Kentucky, to be placed in a train for shipment south, and was being shifted in the yard preparatory to being sent out when on April 27, Ward was injured. The brakes on a freight car are set by turning the brakestaff which has a wheel at the top of it to be turned by the brakeman. The whole force of setting the brake is put upon the brakestaff by means of the wheel. This brakestaff was not a solid piece of iron, but consisted of two pieces of iron which had been welded together some distance below the wheel. The weld was imperfect; that is, the two pieces of iron did not weld into each other. A blacksmith who makes a weld can always tell when the iron is welded by way it feels. This weld was so imperfect

that the slightest wrench would tear the two pieces apart and this defect in the iron was covered up by paint so that it could not be discovered readily, and in fact was not discovered by the railroad inspectors. The judgment of the United States Circuit Court against the railroad company was given upon the ground that by ordinary care the railroad inspectors should have discovered the defect in the well in the brakestaff, and should have given the car a more careful inspection than they did, there being evidence tending to show that they assumed that the car being new was all right, and that it was unnecessary for them to make more than a formal inspection. There was sufficient evidence of negligence on their part to well warrant the finding of the jury in that case. The proof made by the plaintiff in that case as to the negligence of the Pullman Company is not so strong as that made in the father's suit for the injury of his son. The evidence on both these trials was by consent read in the case before us and on the conclusion of the evidence the circuit court instructed the jury peremptorily to find for the plaintiff. This having been done, and judgment entered on the verdict, the Pullman company appeals. It is insisted for the Pullman company that the judgment in its favor in the United States Circuit Court when sued by Joel H. Ward is a bar to this action by the railroad company against it to recover the money which Ward recovered from it in that action. But the Pullman Company and the railroad company were not adversaries in that case. Ward controlled the evidence that should be introduced there. If he made out his case there against the railroad company and did not make out his case against the Pullman Company, this can not affect the rights of the railroad company to recover in this action against the Pullman Company, if it now shows facts sufficient to warrant a recovery; for Ward might have sued the railroad company alone or he might have dismissed his action against the Pullman Company, and in either contingency the railroad company if held liable to Ward, might have maintained an action to recover from the Pullman Company. If Ward instead of dismissing his action, failed to introduce evidence to sustain it, the result is the same. The railroad company could recover no judgment against the Pullman Company in that case, and its right to recover here is not affected by the fact that Ward failed to recover against the Pullman Company.

It is also insisted for the Pullman Company that the railroad company was negligent, and if it was also negligent they are both simply joint tort feasors; and that one can not recover contribution from the other. The brakestaffs are put on the cars for the use of the men in setting the brakes. The wheel is put on the top of the brakestaff so that the men may twist the brakestaff and thus set the brakes with sufficient force to stop the cars. The brakestaff in this case was imminently dangerous to life in the condition in which it was left. The slightest twist of the wheel would cause it to snap in two. The brakeman must hold the wheel to give it the twist, and when he is twisting on the wheel, if the staff brakes, there is nothing to catch him, and he will naturally fall in front of the car. To send out a car with a brakestaff in the condition in which this brakestaff was, was to place the life of the brakeman in imminent peril; for the brakes must be used while the cars are in motion. We have held in several cases that a manufacturer who sends out a machine which he has manufactured defectively constructed, and thus imminently dangerous to life, is responsible to a person injured thereby, who is not guilty of contributory negligence. (See Olds Motor Works v. Shaffer, 145 Ky., 616, and cases cited.) The evidence before us clearly shows negligence on the part of the Pullman Company sufficient to make it liable. The evidence also shows negligence on the part of the railroad company's inspectors sufficient to make it liable. The judgment against the railroad company in favor of Ward conclusively establishes its negligence. But while the railroad company was negligent, its negligence was secondary. The primary negligence was in the Pullman Company. The negligence of the Pullman Company created the danger. The negligence of the railroad company was only failing to discover it. In Blocker v. Owensboro, 129 Ky., 75, Blocker placed some bricks on a street making the street dangerous. A traveler on the street was hurt and brought suit against the city. The city was held liable on the ground that by ordinary care it should have discovered the trouble, and had it removed. But it was also held that the city might recover over against the property owner whose negligence had created the trouble. The same ruling was made in Georgetown v. Groff, 136 Ky., 662, and in Robertson v. Paducah, 146 Ky., 188. A number of other authorities are cited in these opinions. We do not see

that the case before us can be distinguished from those cited. This was not a case of concurrent negligence by two wrongdoers. The negligence of the railroad company consisted simply in its failure to discover the prior negligence of the Pullman Company. The railroad company did not create the danger; it simply used the car for the purpose for which it was intended. In Union Stock Yards Co. v. C. B. & Q. R. R. Co., 196 U. S., 217, neither company had created the danger. Each was alike negligent in inspection. In that case it could not be said that the defendant's negligence was primarily the cause of the trouble. The same is true of the other cases relied on by appellant.

Judgment affirmed.