# United States Casualty Company v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided February 22, 1927.)

## Appeal from Jessamine Circuit Court.

1. Contribution—Contribution Cannot be Had Between Equally Culpable Joint Tort-Feasors.—In absence of statute, such as Ky. Stats., Supp. 1926, section 12a, contribution cannot be had between joint tort-feasors, who are equally culpable, but may be allowed in favor of one less negligent, when there are different degrees of culpability.

2. Contribution—Railroad Company's and Employer's Negligence Held Concurring Independent Causes of Employee's Death, so as to Preclude Recovery from Railroad Company by Employer or its Insurer.—Railroad company's negligence, in not having cut of cars at head of steep spur track under control, and negligence of ballast company's employe in not realigning switches after letting other cars from spur track into switch track, held concurring and contributing independent causes of death of fellow employe as result of collision, so as to preclude recovery of compensation from railroad company by ballast company or its insurer.

FORMAN & FORMAN and D. C. HUNTER for appellant.

N. L. BRONOUGH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming

In American Stone Ballast Company v. Marshall's Admr., 206 Ky. 133, a judgment was upheld in favor of the administrator for the death of his intestate caused, as alleged, by the negligence of the ballast company. On a return of the case the judgment, including interest and costs, amounting to the sum of $6,210.78, was paid by the United States Casualty Company under a policy of insurance carried by the ballast company. Subsequently the insurance company filed suit against the C. N. O. & T. P. Ry. Co. to recover that sum; it being admitted that the ballast company was negligent and liable for damages to the intestate's estate, but insisted that the railway company was guilty of the primary act of negligence causing the injury and was liable to it for the sum so paid. A petition and two amended petitions were filed with copious extracts from the record in the former suit which by agreement was considered an exhibit with the

petition, both in the lower court and in this. The court sustained a demurrer to the petition as amended and the insurance company appeals.

This action was instituted before the enactment of the act of 1926, sec. 12a, Ky. Statutes, authorizing contribution between wrongdoers and is to be considered without reference to it and is so treated by both parties. Voluminous briefs have been filed, with copious quotations and many authorities reiterated at length by both parties, but we think the question a very simple one. The rule is well established that in the absence of statute no contribution can be had between joint tort feasors who are equally culpable, but may be allowed in favor of the one less negligent when there are different degrees of culpability. Middlesboro H. & T. Co. v. L. & N. R. R. Co., 214 Ky. 822; Pullman Co. v. C. N. O. & T. P. R. R. Co., 147 Ky. 489; Owensboro St. Ry. Co. v. L. H. & St. L. Ry. Co., 165 Ky. 683; Cumb. T. T. Co. v. Mayfield Water & Light Co., 166 Ky. 429; I. C. Ry. Co. v. Lou. Bridge Co., 171 Ky. 445.

The rule is thus stated in the Pullman case, *supra*:

> "This was not a case of concurrent negligence by two wrongdoers. The negligence of the railroad company consisted simply in its failure to discover the prior negligence of the Pullman Company. The railroad company did not create the danger; it simply used the car for the purpose for which it was intended."

And the authorities are collated and elaborately discussed in the later case of Middlesboro H. & T. Co. v. L. & N. R. R. Co., *supra,* and the following conclusions reached:

> "The difficulty in determining the cases in which recovery over may be had and those in which it will be denied grows out of the misconceived idea expressed in some of the opinions that the rule is general that as between tort feasors recovery over will not be allowed, and that all cases in which it has been allowed are exceptions to the general rule. The general rule is that recovery over as between wrongdoers may not be had where they are *in pari delicto.* In all cases involving moral delinquency or turpitude all parties participating are deemed to be *in pari*

*delicto.* The cases which have permitted recovery over have not been exceptions to the general rule, but have done so because they do not measure up to the rule which forbids recovery over, that is, the parties are found not to be *in pari delicto.* Bearing these principles in mind, the cases cited and relied on by the parties, appellant and appellee, fell into either one or the other class and have been decided accordingly.''

The facts are thus stated in the Marshall opinion, *supra*:

''Appellant's rock crushing plant is located considerably below the track of the Cincinnati, New Orleans and Texas Pacific Railway Company, and connected therewith by a spur track, which is quite steep. Near the crusher bins the spur track splits into three switch tracks, one called the 'run-around track,' which, as its name implies, does not enter but runs around the crusher, and two others which pass under the crusher bins and are called, respectively, the 'screenings' and the 'ballast' track.

'' On the morning of the accident which resulted in the death of plaintiff's intestate, and some time previous to its occurrence, Sam Hardin, appellant's foreman, and Jesse Savage, one of its employees, let two empty gondolas down the spur track and into the screenings track to a point about ten feet from the screenings bin. To do this they had to line the tracks into the screenings track by setting a switch against the run-around track, with which the spur track was customarily kept aligned for the obvious purpose of preventing cars from escaping down the grade into either of the bin tracks where employes were constantly engaged in loading the car set for the purpose under the bins.

''Shortly after these two cars had been set on the screenings track, and while Marshall was engaged in loading a truck from the screening bin, the railroad company attempted to set several empty gondolas on the head of the spur track. These cars escaped down the spur track into the screening track, collided with the two cars thereon, drove them against the truck, and crushed Marshall to death between the truck and the nearest car.

"The negligence relied upon for recovery of damages for his death is, the failure to furnish him a reasonably safe place in which to work.

"Whether or not the alleged negligence was proven depends upon whether or not Savage, after letting the two cars above referred to into the screenings track, reset the switch so as to align the spur track with the run-around track, as he testified he did, but as the circumstances and the evidence of other witnesses show he did not do."

And the conclusions of the court are thus stated:

"The whole argument for appellant is based upon the theory that either its negligence or the negligence of the railroad company must have been the proximate cause of the accident, whereas we concur in the evident opinion of the trial court that neither was the sole proximate cause, but that they were concurrent and contributing causes of the accident, and without either the accident would not have occurred." City of Louisville v. Johnson, 24 Ky. L. R. 685; Louisville Home Tel. Co. v. Gasper, 123 Ky. 128; Pittsburg Ry. Co. v. Schaub, 136 Ky. 652; Watson v. K. & I. Bridge & R. Co., 137 Ky. 619; City of Louisville v. Hart's Admr., 143 Ky. 171; City of Louisville v. Bridwell, 150 Ky. 589; Cohen v. Home Tel. Co., 179 Ky. 107.

There is no turpitude involved in this case. The sole question to be determined is whether the parties were equally at fault. It is strongly urged by appellant that the duty of the ballast company consisted of having a reasonably safe place for its workmen; that there was nothing inherently dangerous in the place so furnished, and that its negligence was merely passive in not discovering the prior negligence of the railroad company in time to avoid injury to Marshall; that the railroad company created the danger by negligently placing the cut of cars upon the spur and permitting them to run down the steep grade without any control and without discovering that the switches were improperly set, and was thus guilty of primary negligence. We cannot assent to this argument; as stated in the Marshall opinion, the only negligence relied upon against the ballast company was the failure of Savage to reset the switch

against the screening track after setting the two cars thereon. Upon this issue of fact the jury in the Marshall case found against the company.

It was the postive duty of the railroad company to have the cut of cars under control; it was also the positive duty of Savage to realign the switches after putting the two cars on the screening track, and if either of these duties had been performed the accident would not have occurred. Both acts of negligence were concurrent and contributing, and each idependent of the other, hence as between the two it cannot be said that either was the primary cause of the accident. It follows that neither can recover compensation from the other.

We do not deem it necessary to consider the question as to the right of the casualty company to be subrogated to the rights of the ballast company, if a cause of action existed in favor of the latter, and therefore do not pass on that question.

Wherefore, the judgment is affirmed.