## Brown Hotel Co. et al. v. Pittsburgh Fuel Co.

June 10, 1949.

Rehearing denied December 6, 1949.

Robert F. Vaughn for appellants.

Robert L. Page and Albert F. Reutlinger for appellee.

STANLEY, COMMISSIONER—Reversing.

This is a suit for indemnity. An employee of the appellee, Pittsburgh Fuel Company, left insecure the lid of a manhole into which he had unloaded coal, and a pedestrian was injured when it turned with him. A judgment for $5,277 for damages was rendered against the fuel company and the Brown Hotel Company. The verdict specified each should pay an equal part. The fuel company paid its part of the judgment without appeal. We affirmed the judgment for the other half against the hotel company. Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S. W. 2d 911. When the Liberty Mutual Insurance Company, its insurer, had satisfied the judgment, the hotel company assigned to it all its claims, demands and causes of action. Both companies joined in this suit against the fuel company asserting the right to recover the sums paid in satisfaction of the judgment and expenses incurred in defending the action. In the damage suit the fuel company had denied its negligence and charged sole negligence on the part of the hotel company as being responsible for the pedestrian's injuries. Prior to the trial the hotel company had notified the fuel company that it would hold it liable in the event of a recovery of judgment.

A demurrer to the petition being overruled, the defendant filed an answer in which it pleaded that Sizemore's petition had charged negligence on the part of both the coal company and the hotel company; that the hotel company had pleaded that plaintiff's injuries had been caused by the sole negligence of the fuel company; that the case has been submitted to the jury on instructions which permitted a verdict against either or both defendants in that action and that the jury had found both to be negligent and it had been finally so adjudged. That judgment was pleaded in bar of the present suit for indemnity. The demurrer to the answer was carried back to the petition and sustained and the petition was dismissed. This appeal follows.

The question is one of res judicata in a subsequent action between the codefendants in which indemnity is sought by one against the other.

The general common law rule that a joint tort-feasor who is compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity from the latter has become subject to so many exceptions and limitations—resting upon reasons at least as forceful as those which support the rule itself—the rule has become so narrow that it can hardly with propriety now be called the general rule. 13 Am. Jur., Contribution, sec. 39. The general rule has become the specific rule only where joint tort-feasors were in pari delicto—equal fault. Other than that, the so-called exceptions have become rules themselves. An Act of 1926, now Kentucky Revised Statutes 412.030, authorizing contribution among tort-feasors where the wrong reflects no moral turpitude, abrogated the so-called general rule but made no change in the exception which allows the right of indemnity where the person seeking it and the person from whom it is sought are not in pari delicto, as where the party who was compelled to pay the damages was less culpable than the other wrongdoer, although both were equally liable to the person injured. Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 256 Ky. 827, 77 S. W. 2d 36. Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained. Blocker v. City of Owensboro, 129 Ky. 75, 110 S. W. 369; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888; Robertson v. City of Paducah, 146 Ky. 188, 142 S. W. 370, 40 L. R. A., N. S., 1153; Owensboro City Ry. Co. v. Louisville, H. & St. L. Ry. Co., 165 Ky. 683, 178 S. W. 1043; Cumberland Tel. & Tel. Co. v. Mayfield Water & Light Co., 166 Ky. 429, 179 S. W. 388; United States Casualty Co. v. Cincinnati, N. O. & T. P. Ry. Co., 218 Ky. 455, 291 S. W. 709; Louisville & N. R. Co. v. Southern Ry. Co., 237 Ky, 618, 36 S. W. 2d 20. Two additional cases are so pertinent they may be

noted specially . A railroad brakeman suffered injury by a concealed defect in a brake staff of a car which had been built by the Pullman Company. The suit of the injured man in the United States court had resulted in a directed verdict for the Pullman Company, and a judgment on a verdict against the railroad company for a large sum was rendered. The railroad company subsequently sued to recover the amount paid on the judgment from the Pullman Company. We found the evidence presented on the trial to show that the manufacturer was negligent in the manner in which it had welded the brake staff and the railroad company was negligent in failing to discover the defect or the prior negligence of the Pullman Company. The judgment against the railroad company was held conclusive of its negligence. But its negligence was secondary, and that of the manufacturer was primary since it created the danger, and indemnity was authorized. Pullman Co. v. Cincinnati, N. O. & T. P. Ry. Co., 147 Ky. 498, 144 S. W. 385. The rule was also applied where a brakeman was knocked from a car by a sagging telephone cable extending over the railroad. The railroad company alone was sued, and a judgment against it was paid. In its suit against the telephone company for indemnity we held it could recover over against the telephone company the damages which it had been compelled to pay to the brakeman because the parties were not in pari delicto, the telephone company being primarily responsible. Middlesboro Home Tel. Co. v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104.

Looking to the instant case, or that upon which it is based, the difference in degree and kind of negligence was noted in the opinion, Brown Hotel Co. v. Sizemore, supra. The primary, efficient and direct cause of the accident was the positive antecedent negligence of the fuel company's employee in failing to replace the manhole lid securely. This exposed the hotel company to liability. Its fault was a negative tort in failing to check upon the act of the coal delivery man and in failing to observe its affirmative duty to the public to see that the way was free of obstruction or the pitfall. Both were in fault but not the same fault toward the party injured. The employees of the two companies were not acting jointly or concurrently or contributorily in committing the tort. They were not in pari delicto.

There would be no difficulty in determining that the right of complete indemnity exists but for the fact that, under proper instructions, the jury returned a verdict that each of the defendants should pay one-half of the sum awarded. The parties did charge each other, respectively, with having been solely negligent, but the issue was ignored—and properly so under our practice —except in so far as it might be said to have been embraced in the instruction which permitted the jury to return a verdict against both or against one or the other defendant only. This practice is based upon the statute (first enacted in 1839) which authorizes a jury to assess joint or several damages against defendants in an action of trespass, and which for many years has been regarded as applying to trespass upon and injury to the body of a person. It is the common practice in this jurisdiction so to instruct the jury. KRS 454.040; Buckles v. Lambert, 61 Ky. 330, 4 Metc. 330; Alexander v. Humber, 86 Ky. 565, 6 S. W. 453; Broadway Coal Mining Co. v. Robinson, 150 Ky. 707, 150 S. W. 1000. Because of this the fact that the verdict in the Sizemore case assessed damages in equal amounts against the co-defendants brings into the case a complication, not found generally, in disposing of the sharp question before us. But there is something of a corollary in the statute, to which we have alluded, which provides: "Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude." KRS 412.030. Under the statute one seeking contribution must show that the injuries for which he has paid damages were proximately caused by the combined negligence of himself and the defendant against whom the right is claimed, and that he has satisfied a judgment or made reasonable payment in a bona fide compromise. Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S. W. 2d 16, 85 A. L. R. 1086; Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S. W. 2d 161, 138 A. L. R. 1461. Contribution is but pro tanto indemnity. Both are based upon or spring from the idea of equalization of burden. 27 Am. Jur., Indemnity, sec. 2; 13 Am. Jur., Contribution, sec. 2. Under the statute there may be contribution among parties in pari delicto. Under the common law rule there may be complete indemnity where one party's liability is secondary because it arose from the negli-

gence of the other party and would not have arisen but for it. This right is not derived from the statute but stands entirely on principles of equity. Consolidated Coach Corp. v. Burge, supra; Silver Fleet Motor Express v. Zody, D. C., 43 F. Supp. 459.

It is familiar law that one of the essential elements of the rule of res judicata is identity of issue. The issue in the original tort action was whether both or either defendant was negligent at all. The issue in the present action for indemnity is whether the negligence of the defendant, Pittsburgh Fuel Company, was the primary cause and the negligence of the plaintiff, Brown Hotel Company, was secondary. Therefore, the former judgment is not res judicata in this action between the former codefendants.

It was agreed in the present case that the record in the former case should be considered as a part. Upon that very record it seemed necessary in the course of declaring the law to state that there was a difference in the degree of negligence—primary on the part of the fuel company and secondary on the part of the hotel company—but that such difference did not relieve either from liability to the person injured. So the obiter dictum in the opinion in the Sizemore case as to the degrees of negligence, becomes an adjudication.

We hold, in accord with the great weight of authority (Annotations 101 A. L. R. 105, 116), that a judgment against codefendants is not conclusive as between themselves with respect to their rights and liabilities toward each other unless an issue was made between them or the parties in the second action were adversary parties in the first action. Hogg v. Caudill, 228 Ky. 396, 15 S. W. 2d 239. This is so because the judgment established nothing but the joint liability to the person injured. The relative rights of the codefendants inter se were not litigated, and the question as to which should bear the entire cost of a wrongful act or what proportion each should pay remains undecided or not adjudicated. 13 Am. Jur., Contribution, sec. 60; Annotations 101 A. L. R. 117-121.

The statement that the issue between the codefendants must have been litigated is, in general, that it was done by cross-complaint or other adversary pleadings.

That practice is not recognized or permitted in this state in a tort action. In such action neither defendant is permitted to file a cross-petition against the other charging him to have been negligent. The plaintiff is entitled to have his suit tried without becoming involved in a cross-action between the defendants. M. Livingston & Co. v. Philley, 155 Ky. 224, 159 S. W. 665; Consolidated Coach Corp. v. Wright, 231 Ky. 713, 22 S. W. 2d 108; Sandmann v. Sheehan, 279 Ky. 614, 131 S. W. 2d 484. In City of Owensboro v. Westinghouse, Church, Kerr & Co., 6 Cir., 165 F. 385, the court pointed out that neither defendant has any control over the pleading or defense made by the other and neither could take up for review an adverse judgment against the other, and that to all intent and purposes the conditions were the same as if independent suits had been brought against them. Following that case it was held by the same court in Fidelity & Casualty Co. v. Federal Express, 6 Cir., 99 F. 2d 681, that since issues were not joined by the co-defendants in a tort action, the insurer of one of the defendants was not estopped by the judgment from maintaining an action against the codefendant for indemnity on the theory that primary or active fault rested on that codefendant.

The inconsistency between the ruling that there can be no cross-action by codefendants and the practice of allowing separate verdicts is more apparent than real. Codefendants may be adversary in the sense that they may undertake to throw the blame for the accident in whole or in part upon each other and persuade the jury accordingly, but they are not adversary litigants as between themselves because no issue can be raised or claim asserted which permits recovery by one defendant against the other.

As we have said, there would be no difficulty in the present case except for the fact that there was a separate verdict as to the damages returned. Nevertheless, we have authority to the effect that that fact makes no difference. We have precedents in support of the right of the hotel company to indemnity notwithstanding the separate verdict. In Pullman Co. v. Cincinnati, N. O. & T. P. Ry. Co., supra, 147 Ky. 498, 144 S. W. 385, it had been adjudged in the original action that one party was free of liability and the other alone was lia-

ble. But we held, as stated above, the latter was nevertheless entitled to indemnity for the codefendants were not adversary parties or in pari delicto. In City of Georgetown v. Groff, supra, 136 Ky. 662, 124 S. W. 888, a person injured by an obstruction in a street sued the city and Donovan, who had placed it there. The court directed a verdict for Donovan and entered judgment thereon. The jury awarded damages against the city. Thereafter the city sued Donovan for indemnity. We held that since he was primarily negligent the city was entitled to peremptory instruction to find for it. City of Georgetown v. Cantrill, 158 Ky. 378, 164 S. W. 929. In Broadway Coal Mining Co. v. Robinson, 150 Ky. 707, 150 S. W. 1000, under a similar instruction authorizing separate verdicts against an employer and its employees, a verdict was returned against the company only. This was in effect a finding for the employees. On the appeal the company claimed it should be given an opportunity to recover indemnity from its employees. It was observed in the course of the opinion that the judgment did not preclude the company from asserting its claim against them for whatever sum it should be required to pay the injured person by reason of their negligence. Owensboro City Ry. Co. v. Louisville H. & St. L. Ry. Co., supra, 165 Ky. 683, 178 S. W. 1043, is in point by implication. Both companies had been sued for the injury of an employee of the railroad company by a low trolley wire over the railroad. A verdict for separate amounts had been returned against them. The fact of the separate verdict was not regarded as affecting the right of indemnity. But we held the railway company not entitled to indemnity because the parties were shown to have been in pari delicto.

Even though both parties were found liable and separate awards of damages were made in the original case of Sizemore, the issue of law as to liability inter se or as to which party was primarily negligent was not litigated. The principle is just the same as where one party had been sued or where a joint judgment had been rendered against all parties charged with negligence. In the light of the foregoing cases last cited and the statute which permits contribution among wrongdoers (enacted subsequent to those cases and most of the other cases on the point) we conclude that the right of indemnity exists.

The fuel company as appellee places reliance upon Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S. W. 2d 441, 152 A. L. R. 1060. It was held in that case that a prior judgment for damages for the death of a passenger in a truck against the employers of the driver and the railroad company was res judicata as to the negligence of one of the employers, which precluded an action by him against the railroad company to recover for the death of his son who was the driver of the truck. Any recovery would have been for the benefit of the father. We held that the issue of negligence could not be relitigated, the codefendants in the first suit having taken adverse positions against each other on the only issue that could be raised, viz., whether the negligence of one or both caused the accident. No question of the right of indemnity was involved; hence, the case is distinguishable.

We are of opinion that the court should have rendered judgment in favor of the hotel company.

The judgment is reversed.