**William H. SCHEIBER, Appellant,**

v.

**CITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

May 29, 1959.

Wm. G. Lehnig, Louisville, for appellant.

Norris Reigler, Louisville, for appellee..

STANLEY, Commissioner.

William L. Scheiber sued the City of Louisville, the Louisville Water Company.

and Montgomery Chevrolet, Inc. for damages for personal injuries sustained from a fall caused by a defective condition of a sidewalk. The complaint charged the Water Company with having created the defect by negligently repairing or relocating a broken meter at the place, and the city and Montgomery Chevrolet, as abutting property owner, with negligently failing to repair and maintain the sidewalk in a condition safe for pedestrians.

The city traversed the allegations of the complaint and pleaded contributory negligence. It entered cross-claims against both of its co-defendants, pleading that if any liability to the plaintiff on its part should be proved, they were primarily liable and the city secondarily liable, and the city would be entitled to indemnity from its co-defendants. The Water Company and Montgomery traversed the allegations of the complaint and the cross-claims and pleaded contributory negligence. Montgomery also claimed the right of indemnity from the city and the Water Company.

The defendants took the plaintiff's deposition for purposes of discovery. Each of them then filed a motion for a summary judgment on the ground that it appeared from the deposition that there was no genuine issue of a material fact as to its negligence being the proximate cause of the plaintiff's injury. By separate orders the several motions were sustained and the complaint and the respective cross-claims were dismissed with prejudice.

■ The plaintiff has prosecuted an appeal from the judgment dismissing his complaint against the City of Louisville. He has not appealed from the judgments dismissing it against the other defendants.

The plaintiff's deposition is indefinite as to the exact spot of the defective condition of the sidewalk where he fell and as to whether he stepped in a hole or stumbled on a loose and rough surface. He just didn't seem to know exactly what caused him to fall, but he did say unequivocally there was a "good sized hole" and a break in the sidewalk which caused him to fall. He suffered a broken leg and was taken to the hospital immediately. We regard the deposition as containing enough evidence of substance to show that there were issues of fact of causal negligence.

The burden is upon the movant for a summary judgment to convince the court by the record of the non-existence of an issue. It is to be borne in mind that there is a difference between discovering whether there is an issue of fact to be tried and whether after trial the evidence is insufficient as a matter of law to take the case to the jury. CR 56.03; Rowland v. Miller's Adm'r., Ky., 307 S.W.2d 3, and authorities cited therein; Fergerson v. Utilities Elkhorn Coal Co., Ky., 313 S.W.2d 395. We conclude, therefore, the summary judgments should have been denied.

■ The city's pleading of secondary liability and its right of contingent indemnity from the abutting property owner is based upon an Act of the General Assembly of 1956, Ch. 20, published as KRS 381.445. The city takes the position on this appeal that the plaintiff, now appellant, by having accepted the judgment which exonerated its codefendants, charged by it to have been primarily liable for the alleged accident, thereby discharged and released the city of any liability to him. The city contends that should the court be of opinion that it was error to render the summary judgment, the court should, nevertheless, affirm the judgment because the appellant has greatly prejudiced the city's rights by depriving it of a right of indemnity. On the other hand, is the question of whether the city should not have preserved by a cross-appeal its right to claim indemnity in case the plaintiff should succeed in obtaining a reversal of the judgment.

We have today held unconstitutional the statute upon which rests the right of in-

demnity claimed against the abutting property owner. It is possible that on a trial of the case a question may arise whether there was a common law primary responsibility of either or both of the other parties which would give rise to a right of the city to be indemnified. See Robertson v. City of Paducah, 146 Ky. 188, 142 S.W. 370, 40 L.R.A.,N.S., 1153; City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S.W. 172; Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S. W.2d 165; Gish Realty Co. v. Central City, Ky., 260 S.W.2d 946. It is possible also that such claim or right of indemnity may never arise, for the city may ultimately prevail in the suit against it. Therefore, we do not deem it appropriate to consider here the questions of res judicata or estoppel. It will be time enough to do so when and if those questions are presented.

For the reason stated, the judgment in favor of the city is

Reversed.