Thomas J. BACIGALUPI, Appellant,

v.

Thomas C. MUCKER, Sr., Administrator of the Estate of Thomas Chester Mucker, Jr., Deceased, and Joseph William Rogers, Appellees.

Court of Appeals of Kentucky.

Oct. 6, 1972.

John G. Crutchfield, Ewen, MacKenzie & Peden, Louisville, for appellant.

Chester A. Vittitow, Jr., Hogan, Taylor, Denzer & Bennett, Joseph G. Leibson, Louisville, for appellees.

PLEAS E. JONES, Special Commissioner.

This is an appeal from the Jefferson Circuit Court wherein appellee Thomas C. Mucker, Sr., Administrator of the estate of Thomas Chester Mucker, Jr., recovered a judgment against the appellant, Thomas J. Bacigalupi, and appellee Joseph William Rogers for the death of Thomas Chester Mucker, Jr., arising out of an automobile accident. The trial jury found that both the appellant, Bacigalupi, and appellee, Rogers, had violated one or more of the duties imposed upon them under the instructions of the court, and returned a verdict against both of the drivers in the amount of $17,968.00. A joint and several judgment was entered against Bacigalupi and Rogers.

The appellant filed in the trial court a motion to set aside the judgment entered pursuant to the jury verdict and requested the trial court to grant appellant-defendant a partial new trial limited solely to the question of liability as between the codefendants, Bacigalupi and Rogers. Specifically, the appellant contends that he was entitled to an apportionment instruction pursuant to the provisions of KRS 454.040.

In appellant's brief, it is contended that other errors were committed by the trial court. He says that in the absence of a city ordinance, the trial court erred in giving an instruction requiring a motorist to stop on a yellow traffic light. It is his further contention that the refusal of the trial court to give his tendered instruction requiring obedience to a "Yield Right-of-Way" traffic control sign and ordinance was erroneous.

So that we may place these assignments of error in their proper perspective, it is necessary that we view briefly the circumstances out of which this action arose.

The accident occurred on November 3, 1967, at about 4:00 p. m., at the intersection of Eighteenth and Broadway Streets in Louisville. Appellee Joseph William Rogers was proceeding in his automobile west on Broadway. The decedent, Thomas Chester Mucker, Jr., was a guest passenger in the Rogers automobile. Appellant, Bacigalupi, was proceeding east on Broadway. Appellee Rogers made a left turn to the south on Eighteenth Street and was hit by Bacigalupi in the intersection. The force of the impact caused the decedent, Mucker, to be thrown from the Rogers automobile, and the injuries he sustained caused his death.

There was ample testimony from which the jury could and did conclude that both Bacigalupi and Rogers violated one or more of the duties imposed upon them by law.

We will deal with the errors assigned by the appellant in the inverse order in which they are presented on this appeal. We consider first appellant's contention that the trial court erred in refusing to give appellant's tendered instruction requiring obedience to a "Yield Right-of-Way" traffic control sign. The substance of the testimony of appellant on this point is that the last time he looked at the traffic control sign he was west of the intersection and his

position was near the western entrance of a filling station on the southwest corner. Appellant testified that he did not know what the color of the light was from that point on until the accident.

Be that as it may, it is our opinion that the trial court correctly instructed the jury in regard to obedience to traffic signs, which were incorporated in the instructions given by the court, hereinafter set out in detail.

Appellant's second assertion, that the instruction requiring a motorist to stop on a yellow light was erroneous in the absence of an ordinance to support it, is not substantiated by the record. This matter may be gently laid to rest because the record shows that the ordinance upon which the instruction is based was introduced at the trial.

We come now to the first assignment of error by appellant, which we feel has merit. In reviewing the instructions we find that Instruction No. 1 properly placed reciprocal duties upon Bacigalupi and Rogers. The instruction was as follows:

"It was the duty of both Bacigalupi and Rogers to exercise that degree of care which ordinarily careful prudent drivers of automobiles usually exercise under circumstances like or similar to those proven in this case, to so operate their automobiles:

(a) As not to bring them into collision with each other;

(b) To have them under reasonable control;

(c) To keep a look-out;

(d) To operate them at a rate of speed that was reasonable and proper;

(e) It was the further duty of Bacigalupi not to enter the intersection if the light was red or amber.

(f) *It was the further duty of Rogers, in attempting to make a left turn, to first see that there was sufficient time and* *space to make the turn in safety, and if the light was green for eastbound traffic on Broadway, to yield the right-of-way to it."* (Our emphasis.)

Then the trial court, in Instruction No. IV, said:

"If you believe from the evidence that both Bacigalupi and Rogers violated one or more of the duties imposed upon them by the first instruction, and that but for the violation of both, the accident would not have occurred, then you will fill out and sign Verdict 'C'."

The Form of Verdict "C" as given by the court was as follows:

"We, the Jury, find both Rogers and Bacigalupi violated one or more of the duties imposed upon them, and we find for the Mucker Estate in the sum of $_____ against both Bacigalupi and Rogers."

The jury was not told that they might apportion the damages.

Counsel for appellant tendered and requested the court to give certain instructions relating to the duties of both appellant and appellee, as well as a request that the jury be instructed that they might apportion the damages as to the joint tortfeasors. Appellant's tendered instruction No. 3 states:

"Counsel for defendant, Bacigalupi, also requests the court to instruct the jury that they may apportion the liability or fault in this case as between the defendants, Bacigalupi and Rogers."

The trial court refused to incorporate that tendered instruction into those he submitted to the jury.

KRS 454.040 reads as follows:

"In actions of trespass the jury may assess joint or several damages against the defendants. When the jury finds several damages, the judgment shall be in favor of the plaintiff against each de-

fendant for the several damages, without regard to the amount of damages claimed in the petition, and shall include a joint judgment for the costs."

In Murphy v. Taxicabs of Louisville, Inc., Ky., 330 S.W.2d 395, we said:

"The general rule seems to be that, where there is no modifying statute, an assessment of damages in an action against joint tort-feasors must be for a lump sum against those found guilty and cannot be severally apportioned among them. See 25 C.J.S. Damages § 189, p. 906. *However, in Kentucky we have a statute which allows the jury, in such a case, to sever the damages.* This provision of law is KRS 454.040." (Our emphasis.)

In Orr v. Coleman, Ky., 455 S.W.2d 59, this court said:

"We have a statute, KRS 454.040, which permits the apportionment of liability between or among joint trespassers. From time immemorial it has been held applicable to personal injury actions based on negligence. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949). This evinces, we believe, a long-standing policy that although their liability to the injured party may be joint and several as between or among the joint tortfeasors themselves the burden should be apportioned according to their comparative culpability. * * *"

The appellee insists that there is nothing in the statute which requires the giving of an apportionment instruction, and that Orr v. Coleman is not in point. He argues that Orr v. Coleman dealt with a situation in which one tortfeasor had settled. He contends the judgment here permits contribution so that upon satisfaction by the appellant he can enforce one-half of the judgment from the appellee and that there is no real prejudice nor any error affecting appellant's rights.

 We think that Orr v. Coleman is strictly in point and stands for the proposition that under KRS 454.040 the jury is to be informed that it has the right to punish each tortfeasor to the extent of his participation in the wrongful act, and if one is the more guilty than the other, to punish him the more severely.

The court's failure to instruct the jury, as requested by the appellant, of its right to apportion the damages according to the amount of negligence attributable to each of the offending parties, constituted prejudicial error. A new trial should be limited to the issue of apportionment of the damages as between Bacigalupi and Rogers, since it has been determined by the jury that they are joint tortfeasors. The procedure may be patterned on that suggested in Orr v. Coleman.

The judgment is reversed with directions for further proceedings consistent with this opinion.

All concur.