*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0225P (6th Cir.)
File Name: 03a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

No. 02-5096
HORACE GARLAND; MARTHA
GARLAND,

*Plaintiffs,*
TRIANGLE ENTERPRISES, INC.,
*Third-Party
Defendant-Appellant,*
*v.*
TENNESSEE VALLEY
AUTHORITY,
*Defendant/Third-Party
Plaintiff-Appellee.*

No. 02-5097
J. PAUL CARNEAL; MARY
CARNEAL,

*Plaintiffs,*
TENNESSEE VALLEY
AUTHORITY,
*Third-Party
Defendant-Appellee,*
BADHAM INSULATION
COMPANY; BRAUER SUPPLY
COMPANY,

*Defendants,*

> Nos. 02-5096/
> 5097/5098/5216

*v.*
TRIANGLE ENTERPRISES, INC.,
*Defendant/Third-Party
Plaintiff-Appellant,*
OWENS CORNING FIBERGLAS
CORPORATION,

*Defendant.*

No. 02-5098
FRANCES DEE HALL,
individually and as Executrix
of the Estate of Burl R. Hall,
*Plaintiff,*
*v.*
OWENS CORNING FIBERGLAS
CORPORATION, et al.,
*Defendants,*
TRIANGLE ENTERPRISES, INC.,
*Defendant/Third-Party
Plaintiff-Appellant,*
*v.*
TENNESSEE VALLEY
AUTHORITY,
*Third-Party
Defendant-Appellee.*

No. 02-5216
RONNIE D. BEAN,
*Plaintiff,*
TRIANGLE ENTERPRISES, INC.,
*Defendant/Third-Party*

*Plaintiff-Appellant,*
*v.*

OWENS CORNING FIBERGLAS
CORPORATION,
*Defendant,*
TENNESSEE VALLEY
AUTHORITY,
*Third-Party*
*Defendant-Appellee.*

Appeal from the United States District Courts
for the Western District of Kentucky
at Paducah and Owensboro.
Nos. 01-00260; 01-00254; 01-00191; 01-00249—
Thomas B. Russell; Joseph H. McKinley, Jr.;
Edward H. Johnstone, District Judges.

Argued:  June 10, 2003

Decided and Filed:  July 9, 2003

Before:  MOORE and GIBBONS, Circuit Judges;
SCHWARZER, Senior District Judge.[*]

—————————

**COUNSEL**

**ARGUED:** Kathy P. Holder, FROST, BROWN & TODD,
Louisville, Kentucky, for Appellant.  Edwin W. Small,
TENNESSEE VALLEY AUTHORITY, Knoxville,

—————————

[*] The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

Tennessee, for Appellee.  **ON BRIEF:**  Kathy P. Holder,
Joseph B. Myers, Jr., Robert L. Steinmetz, FROST, BROWN
& TODD, Louisville, Kentucky, for Appellant.  Edwin W.
Small, Thomas A. Robins, TENNESSEE VALLEY
AUTHORITY, Knoxville, Tennessee, for Appellee.

—————————

**OPINION**

—————————

WILLIAM W SCHWARZER, Senior District Judge.
Third-party Triangle Enterprises, Inc. ("Triangle") appeals
from the dismissal of its third-party complaints for indemnity
against third-party defendant Tennessee Valley Authority
("TVA").  In the four underlying cases, consolidated on
appeal, the plaintiffs asserted that they were injured as a
result of exposure to asbestos and alleged claims for damages
based on strict liability, negligence, and breach of implied
warranty.  Their complaints alleged, in substance, that
Triangle was negligent in removing and installing asbestos-
containing products and failing to protect workers against
asbestos exposure. In addition, the Garland complaint alleged
failure to warn workers and to follow guidelines for safe
handling of asbestos.  Triangle filed third-party complaints
against TVA for apportionment of fault based on allegations
that TVA distributed and installed asbestos products at the
work site.  In its amended third-party complaints, Triangle
further sought indemnity, alleging that TVA was negligent in
failing to provide a safe place of employment and safeguards
necessary to protect its employees, that any negligence on
Triangle's part was secondary and passive, and that the active
and primary negligence was TVA's.

TVA moved to dismiss the third-party complaints pursuant
to Rule12(b)(6) and the district courts granted the motions.
Fed. R. Civ. P. 12(b)(6).  They held that if there is proof of
fault on the part of TVA, an apportionment instruction is

appropriate. An indemnity claim, however, was not available because wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability. This appeal followed. The district courts had jurisdiction under 28 U.S.C. § 1442(a)(1), and we have jurisdiction of the appeal under 28 U.S.C. § 1291. Because we find the record to be insufficient at this stage to determine whether Triangle may be entitled to indemnity, we vacate the judgments and remand for further proceedings.

## DISCUSSION

Kentucky law recognizes indemnity claims between tortfeasors. The leading case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165 (1949), states:

> Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.

224 S.W.2d at 167. The Kentucky Supreme Court only recently reaffirmed the *Brown Hotel* principle in *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (2000), holding that the right to indemnity is available "where both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury" (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934)).

The pleadings disclose that Triangle is an independent contractor who installed and tore out asbestos products on the premises of power plants in Kentucky owned and operated by the TVA. TVA is alleged to have provided asbestos-containing products and to have failed to furnish a safe workplace and to take proper precautions. The four plaintiffs who worked at those power plants allegedly contracted asbestos-related diseases as a result of their occupational exposure to asbestos at the TVA worksite.

A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The skeletal pleadings, which constitute the entire record before us, do not enable us to determine as a matter of law that Triangle could not establish that TVA's fault, if any, was "the primary and efficient cause of the injury." Thus, we cannot say, based on the current state of the pleadings, that Triangle can prove no set of facts entitling it to indemnity.

## CONCLUSION

For the reasons stated, we **VACATE** the judgments below and, without passing on the merits, **REMAND** for further proceedings consistent with this decision.