## LOCKHART v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 6, 1951.

Martin & Gillespie, David Martin and John R. Gillespie, all of Franklin, for appellant.

A. E. Funk, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Beauchamp Lockhart was sentenced to two years in prison on a charge of unlawfully detaining a woman against her will, with intent to have carnal knowledge of her. On this appeal he urges that (1) the evidence was insufficient to support a conviction; (2) the court failed to give an instruction on assault and battery; and (3) misconduct on the part of the Commonwealth's Attorney. Since the Bill of Exceptions does not contain the argument of the Commonwealth's Attorney, this last ground can not be considered here.

Mrs. John D. Mallory, the prosecuting witness, was a native of France, and had been living in this country only a few years at the time of the alleged crime. Lockhart, a colored man, had been working for Mr. Mallory. He went to the Mallory home when only Mrs. Mallory and her young son were there. Both Lockhart and Mrs. Mallory said that he asked for money owing him by Mr. Mallory when he knocked on the door. Mrs. Mallory said she told Lockhart her husband was not at home and that she did not have any money. He then entered the house without her invitation and sat down in a chair. She stated further that Lockhart said he knew Mr. Mallory was not at home and that he really came to see her; he talked rapidly and told her

ᔆᔆ

he had been watching her for a long time; he wanted to come some night and he wanted her to let him in, saying that the white women in France did not mind colored men; he got up from the chair and came close to her and put his arms around her shoulders and waist; she was shocked and scared and jumped to the door and opened it, telling Lockhart to go; as he left he told her not to say anything to anybody and that he had $200 in the bank at Auburn and he was going to get a gift for her and come back to see her; and she told him she did not want any present and did not want him to come back.

Lockhart went to a car parked near by in which two white men were sitting, and in which he had ridden to the Mallory home. His story was that he went to the Mallory home to get his money; that when he knocked on the door Mrs. Mallory told him that her husband was not at home; that he was in sight of the men in the car at all times; and that he did not enter the house and did not make any improper remarks or advances to Mrs. Mallory. One of the men in the car said that, if Lockhart entered the house he would have seen him, and the other said he could not say whether he did or did not enter it. Lockhart admitted that he had had one drink before he went to the Mallorys. Immediately after Lockhart left Mrs. Mallory called her mother-in-law and asked her to come over to her home, which she did. Mr. and Mrs. Mallory and his mother were in the house when Lockhart returned later in the day, and the Commonwealth's proof showed that he was drinking and said that he had not done anything wrong.

■ To constitute the offense with which Lockhart was charged there must be a detention against the will of a female, accompanied by the intention of the accused to have carnal knowledge of her. Rose v. Commonwealth, 294 Ky. 279, 171 S.W.2d 435. Solicitation, or an invitation to have sexual intercourse, is not sufficient. In the Rose case there was a detention in a public place and an invitation to go to a carnival. Later, a note was passed from the accused to the prosecutrix. Clearly, in that case there was absent one of the essential elements of the crime, namely, the intention of the accused to have carnal knowledge of a female. In contending that the Rose case is controlling, counsel for Lockhart stresses the statement of Mrs. Mallory that he expressed a desire to return to see her at some future time. The point is made also that two men were sitting in a car parked a short distance from the Mallory home. We take a different view of the case, however, from a review of Mrs. Mallory's testimony. Certainly the jury could have inferred from her testimony that Lockhart detained her with intent to have carnal knowledge of her. It is true reference was made to some future meeting, but his actions, as well as his words, showed a present as well as a future intent.

■ We do not think the court erred in failing to give an instruction on assault and battery. Lockhart said that he did not enter the house. There was no evidence for the Commonwealth showing a detention or assault which was not coupled with the second element of the crime. The case of Muncy v. Commonwealth, 274 Ky. 746, 120 S.W.2d 389, is not applicable here, because in that case there was an absence of any statement or suggestion in the testimony of the prosecutrix that the accused indicated any intent or performed any act showing that he wanted to have carnal knowledge of her. See also Brown v. Commonwealth, 188 Ky. 814, 224 S.W. 362.

Judgment affirmed.