Marvin **EICHBERGER**, Appellant,

v.

Dr. Ben **REID**, Appellee.

Supreme Court of Kentucky.

April 30, 1987.

William A. Miller, Louisville, for appellant.

J. Michael Smither, Louisville, for appellee.

LEIBSON, Justice.

Except for one point which we will discuss later in this opinion, the facts, the issue and the law applicable to this case are all set out fairly and adequately in the opinion rendered by the Kentucky Court of Appeals, as follows:

"HOWARD, JUDGE. In this case, the question presented is whether one partner can recover in indemnity from the other partner his portion of amounts paid in damages to third party purchasers of a partnership asset for misrepresentations made by the second partner.

This action was brought by the purchasers of an apartment complex owned by the appellant and the appellee. The claim was that the appellant, who managed the sale of the complex, knowingly failed to disclose to the purchasers defects in a boiler system.

The appellee filed a cross-claim for indemnification for any amounts he may be required to pay as a judgment to the purchasers. The appellee sought indemnification on the grounds that he was not involved at all in the negotiations for the sale of the property.

The appellant answered the cross-claim by claiming he was acting as an agent for a partnership between himself and the appellee, and that the sale of the property was a partnership transaction made with the knowledge and acquiescence of the appellee. Subsequently, the appellee amended his cross-claim, stating that if a partnership with the appellant did exist, the appellant breached his fiduciary obligations to the partnership.

Before trial, the appellant and the appellee stipulated that a partnership existed between them, and agreed that the question of indemnification would be reserved until after trial on the purchasers' complaint.

A verdict was returned for the purchasers in the sum of $27,799.87. Following entry of the judgment, the trial court ruled that the appellee was entitled to indemnification from the appellant. From that ruling, this appeal is brought.

The appellant argues initially, that statutory law dictates that a partner cannot receive indemnification from another partner for a judgment against the partnership.

KRS 362.229(1) provides that each partner shall be jointly and severally liable for violations of statutes, including KRS 362.210, the wrongful acts of a partner. KRS 362.235(1) provides in pertinent part that '[e]ach partner .... must contribute toward the losses whether of capital or otherwise, sustained by the partnership according to its share in the profits.'

We think these statutes both speak to a partner's liability to a third party and simply do not address the question of indemnification between partners.

In *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), a hotel sought indemnification from a fuel company for damages the parties paid, jointly and severally, to satisfy a judgment in a negligence suit. The Court stated that a party exposed to liability, and compelled to pay damages for the negligent or tortious acts of another, cannot receive indemnity if there is equal fault among the parties. *Id.* [224 S.W.2d] at 166. The court determined that the fuel company, not hotel company was the negligent party.

The Court in *Brown Hotel Co. v. Pittsburgh Fuel Co.* [224 S.W.2d], at 168, further stated '[u]nder the common law rule there may be complete indemnity where one party's liability is secondary because it arose from the negligence of the other party and would not have arisen but for it. This right is not derived from the statute but stands entirely on principles of equity.' Therefore, the hotel was entitled to indemnity from the fuel company.

The courts have further held that the right of indemnity is a 'jural right' which existed prior to the adoption of the Kentucky Constitution and therefore, the legislature could not abolish it. *Kentucky*

*Utilities Company v. Jackson County Rural Electric Cooperative Corporation*, Ky., 438 S.W.2d 788 (1968); *Union Carbide Corporation v. Sweco, Inc.*, Ky. App., 610 S.W.2d 932 (1980). Thus, if indemnity is held to apply to the partners in a partnership under the common law, and if KRS 362.235 could be construed as an attempted statutory prohibition of such indemnity, then clearly the case law would prohibit the statute from having such an effect.

The question becomes only whether the common law rule of indemnity applies to partners in a partnership.

> [I]t is generally agreed that there may be indemnity in favor of one who is held responsible solely by imputation of law because of his relation to the actual wrongdoer, as where an employer is vicariously liable for the tort of a servant or an independent contractor; or an innocent partner or carrier is held liable for the acts of another. . . .

Prosser, *The Law of Torts 4th Ed.*, § 51, p. 311 (1971).

We see nothing in Kentucky partnership law that demands a contrary result. It clearly would violate the equitable basis for indemnity to hold that an innocent person cannot receive indemnity for his portion of a judgment in a negligence case merely because he was the joint member of a partnership with the actual wrongdoer.

In the case at bar, it is uncontested that the appellee had nothing to do with the sale of the apartment complex or any misrepresentations made to the purchasers. These misrepresentations were made solely by the appellant. Therefore, it was consistent with the common law of indemnity for the trial court to rule the appellee is entitled to indemnification from the appellant.

This judgment is affirmed."

■ We agree with the Court of Appeals' analysis of the principal issue, the right of one partner to indemnity from another for any damages which the innocent partner has been required to pay to a third party because of the wrongful act of another partner. The situation is no different from the employer's right to indemnity from his employee for any damages which the employer has been required to pay because the employer has been held liable to a third person on the basis of *respondeat superior. See Restatement of the Law of Restitution* 1937, § 96, Comment a.

Indeed, it is Hornbook law that:

> "Where a partnership is liable for injuries to a third person, there is a right of indemnity against the partner whose negligence caused the injuries." 68 C.J.S. Partnership § 83, p. 522.

■ The main quarrel that the appellant has with the Court of Appeals' opinion, as evident from his brief, is not with the general principle but with failure to account for the possibility that the appellee was unjustly enriched at the appellant's expense because the sale price of the partnership asset, the apartment complex, was higher than it would have been absent the misrepresentation to the purchaser. Otherwise stated, the appellant claims that "the purchase price . . . would obviously have been less had [the purchaser] known of the problems with the boiler system he subsequently experienced," and the appellant asks "can [the appellee] retain the increased purchase price and thus benefit without incurring liability for the subsequent partnership loss?"

We agree with the movant that the equitable principles of indemnity applicable here would require that the benefit, if any, derived by the appellee as a partner from any increase in the sale price of the property attributable to the misrepresentation should be deducted before restitution should be made. However, the problem with the appellant's claim is that in the circumstances of this case the claim that the appellee benefitted is only conjecture, unsupported by proof.

The purchaser tried his case against the partnership on the theory that he was entitled to damages for the misrepresentation, not difference in fair market value. The trial court's instructions on damages in the underlying case, which are not challenged on this appeal, required the jury to compen-

sate the purchaser for "cost of repairs" and "loss of the reasonable life expectancy of the boiler," not on the basis of the difference in the market value of the apartment complex as sold and as represented. It is altogether possible that the cost of repairs once the boilers had broken down and caused damage far exceeded any difference in market value that there would have been initially with a full disclosure.

Thus, while the appellant would have been entitled to credit for the benefit conferred upon the partnership to the extent that the respondent profited from that benefit, no such proof was offered in this case. We are told that "obviously" a benefit was conferred, but in the absence of proof of the value of any such benefit, the decision of the Court of Appeals and the judgment of the trial court must be affirmed.

All concur.