856 F.2d 780
 KANAWHA STEEL AND EQUIPMENT COMPANY and Giant Wholesale, Plaintiffs,
and
Pepsi Cola Bottling Company of Corbin, Intervening-Plaintiff,
v.
DORSEY TRAILERS, INC., Defendant and Third-Party Plaintiff-Appellant,
v.
HUTCHENS INDUSTRIES, INC., Third-Party Defendant-Appellee.
 No. 87-5804.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 20, 1988.
Decided Sept. 9, 1988.
 
 Kenneth H. Gilliam (argued), Hamm, Milby and Ridings, London, Ky., for defendant and third-party plaintiff-appellant.
 Catherine R. Meng, Hays, Moss and Lynn, David C. Long, Wyatt, Tarrant & Combs, Lexington, Ky., G. Edward James (argued), Berry and Floyd, Carrollton, Ky., for third-party defendant-appellee.
 Before ENGEL, Chief Judge, and NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Dorsey Trailers, Inc. (Dorsey), a defendant and third-party plaintiff in the underlying products liability action, appeals from the district court's determination that it was not entitled to full indemnity from another defendant, also a third-party plaintiff, Hutchens Industries, Inc. (Hutchens). Kanawha Steel & Equip. Co. v. Dorsey Trailers, Inc., 662 F.Supp. 131 (E.D.Ky.1987). Because we conclude that Dorsey was entitled to indemnity from Hutchens, we reverse.
 
 I.
 
 2
 The products liability action arose out of an accident which occurred when the rear set of wheels on a trailer manufactured by Dorsey broke loose and collided with two trucks. The tractor and trailer rig, owned by Kanawha Steel & Equipment Company (Kanawha), was traveling north on a highway in Kentucky when the rear set of wheels broke loose, crossed over into the path of southbound traffic, and collided with a Giant Wholesale Grocery (Giant) truck. Then the wheels crossed back over and collided with a northbound truck owned by Pepsi Cola Bottling Company of Corbin (Pepsi).
 
 
 3
 Kanawha and Giant initiated this suit for property damage and named Dorsey as the defendant. Thereafter Pepsi intervened as a plaintiff. Pepsi amended its complaint to name Hutchens, the manufacturer of the suspension assembly incorporated into the trailer by Dorsey, as an additional defendant. Additionally, Dorsey filed a third-party complaint against Hutchens for indemnity or contribution.
 
 
 4
 The case sounding in negligence and strict liability was tried to the court. The court found that Dorsey incorporated suspension parts, including center suspension brackets, manufactured by Hutchens into the trailers it manufactured. The center brackets have a life expectancy of sixteen years. The center bracket on the Kanawha trailer was less than five years old. However, that particular center bracket had a weld that was inadequately penetrated which made it inordinately susceptible to fatigue failure. Indeed, it was this type of failure which caused the wheels to break away and the subsequent accident. The court also found that the center bracket manufactured by Hutchens and the trailer manufactured by Dorsey at the time of manufacture and sale were defective, and unreasonably dangerous. The court also found that neither of the manufacturers knew about the defect.
 
 
 5
 The court found that because the defendants took reasonable care in their production procedures and had no knowledge of the defect, they were not negligent, and, therefore, could be liable only under a products liability theory. Pepsi was the only plaintiff who sought recovery from both Dorsey and Hutchens and the court found they were jointly and severally liable to Pepsi. Kanawha and Giant were awarded damages from Dorsey. With respect to the Kanawha and Giant claims, the court found that Dorsey was entitled to fifty percent contribution from Hutchens for the damages.
 
 
 6
 On appeal Dorsey does not challenge the underlying determination of liability. Instead, Dorsey asserts that it is entitled to indemnity, not just contribution, from Hutchens with respect to the claims brought by Kanawha and Giant. With respect to the claims brought by Pepsi, Dorsey asserts that the judgment should have been entirely against Hutchens as opposed to jointly and severally against both defendants, or in the alternative, seeks total indemnification from Hutchens.
 
 II.
 
 7
 Under the Erie Doctrine, this court's task on review is to determine whether the district court properly applied the law of Kentucky regarding indemnification and contribution. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1140-41 (6th Cir.1986). Although the Supreme Court of Kentucky has addressed the distinction between indemnification and contribution in the context of negligence, that court and the appellate courts of Kentucky have yet to address the availability of indemnification where both parties' responsibility for damages stems from the doctrine of strict liability. Under Kentucky law, contribution is available if the parties are "in pari delicto " --equally at fault, whereas indemnity is available if they are not equally at fault. Crime Fighters Patrol v. Hiles, 740 S.W.2d 936, 938-39 (Ky.1987). Although Hiles discusses indemnity in the context of negligence, there is no indication that Kentucky law is different in a strict liability case. In Hiles, the Supreme Court of Kentucky explained that the choice between indemnity and contribution "is grounded in the equitable principle of restitution." Id. at 939.
 
 The court explained:
 
 8
 The basic rule is stated in [Restatement of Restitution ] Sec. 76. It provides that a person who "has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity" unless "barred by the wrongful nature of his [own] conduct." This "bar" reflects another equitable principle characterized the "clean hands doctrine." See Black's Law Dictionary, 5th ed. Until the enactment of KRS 412.030 providing a statutory right to "contribution among wrongdoers," because of the clean hands doctrine a wrongdoer was barred from using the courts to make a claim for contribution against another wrongdoer, even though both caused the injury and one had paid the entire loss. But this principle did not bar a claim for indemnity on behalf of a party who was not "in pari delicto --equal fault." Brown Hotel Company v. Pittsburgh Fuel Company [311 Ky. 396], [244 S.W.2d 165] at 166.
 
 
 9
 Id.
 
 
 10
 Earlier, in Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949), the Supreme Court of Kentucky addressed the availability of indemnification to a hotel liable to a patron for injuries due to the hotel's employee's negligent failure to securely replace a manhole cover. In that case, the court explained that,
 
 
 11
 [w]here one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.
 
 
 12
 Id. at 399, 224 S.W.2d at 167. Although Brown Hotel, a negligence case, is not directly on point, we believe the principles espoused there are applicable to this case.
 
 III.
 
 13
 Our concern is with the district court's determination that for the purposes of Kentucky law, the parties were equally at fault. Although under Kentucky law both are strictly liable for physical or property damages caused by the defect in the trailer which existed when the trailer entered the stream of commerce, and which made the trailer unreasonably dangerous, and neither was found to be negligent, it does not follow that they were equally at fault. Hiles is not directly on point; however, it does indicate that the Supreme Court of Kentucky would follow the Restatement of Restitution (1937) in determining the availability of restitution in this situation. In discussing whether the Hiles case involved a situation in which indemnification was available, the court noted that: "this decision does not involve making policy but applying principles of equity. It is grounded in equitable principle of restitution. Eichberger v. Reid, Ky., 728 S.W.2d 533 (1987). It is covered in the American Law Institute's Restatement of Restitution, 1937, more particularly 'Chapter 3 Topic 3' 'Discharge by One Person of Duty Also Owed by Another,' Secs. 76-102." Hiles, 740 S.W.2d at 939. Therefore, we turn to the Restatement of Restitution for guidance.
 
 
 14
 Section 93 of the Restatement of Restitution specifically addresses this situation.
 
 
 15
 (1) Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable.
 
 
 16
 Restatement of Restitution Sec. 93 (1937).
 
 
 17
 Comment a to subsection (1) provides that "[t]he supplier may have been a manufacturer or a dealer" and that "[t]he claimant may be a manufacturer who incorporated the chattel in his product." We read this section as requiring Hutchens to indemnify Dorsey. Therefore, with respect to all claims we hold that Dorsey is entitled to full indemnification from Hutchens.
 
 IV.
 
 18
 Accordingly, we REVERSE the district court's decision inasmuch as it denied Dorsey indemnification from Hutchens with respect to all claims.