## Blue Diamond Coal Company v. Robertson.

(Decided October 7, 1930.)

JESSE MORGAN for appellant.

S. M. WARD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

This suit is by the appellee, L. D. Robertson, against the appellant, Blue Diamond Coal Company, for breach

of contract to remove pillars and stumps in a designated portion of a mine, commonly called robbing the mine. He recovered judgment for $1,000, a reversal of which is sought.

The contract provided that the company would furnish certain machinery and equipment and do the bond and wire work; that Robertson and three associates, parties with him to the agreement, should furnish all other necessary tools, do the mining in a workmanlike manner under the supervision of the mine foreman or superintendent of the company, and deliver the coal to the side track. They bound themselves to use due diligence in mining so as to recover all coal which it was practical to recover; to abide by the rules of the company and to use all necessary care to prevent accidents; also not to employ any men without the approval of the company's officers. They were to receive 70 cents per ton for the work.

The petition averred that by and with the consent of the company, the plaintiff, Robertson, had taken over the contract individually. He charged that while he was in good faith carrying out the terms of his contract, and was ready, able, and willing to continue doing so, the defendant breached its contract and refused him the right to continue operating thereunder; that there remained unmined 23,032 tons of coal, which he could have gotten out at a cost of 36 cents per ton and for which he would have been entitled under his contract to 70 cents, a profit of $7,830.88, for which he sued.

The defendant denied the material allegations of the petition, except the execution of the contract. It admitted the employment of others to do the work, which was after notifying the plaintiff of its purpose because of his failure to comply with the terms of the contract. It charged that the plaintiff had breached the contract and thereby abrogated it in that he had absented himself from the job; had refused to conform to the rules of the company, obey its directions, or yield to its supervision; had failed to use necessary care to prevent accidents in the mine; had employed incompetent men without the knowledge or consent of the mine foreman or superintendent; and was not pushing the work with diligence and getting out a sufficient quantity of coal for the machinery and equipment furnished him by the company.

All of these charges were traversed by a reply.

The evidence on the respective affirmative allegations was in sharp conflict; hence there is no merit in the claim that the defendant was entitled to a directed verdict.

The court advised the jury that the contract had been modified by the parties so as to make it binding between Robertson alone and the company, and that the defendant had abandoned it. His instruction set forth the duties of the plaintiff under the contract, and told the jury that, if they believed from the evidence that at the time the defendant abandoned the contract the plaintiff was able, willing, and ready to continue and complete the work in accordance with the terms of the contract, they should find for him; and. unless they so believed, they should find for the defendant.

The instruction was correct in so far as it stated that the contract had been modified by the parties. There is no evidence to that effect, as appellant submits; but its allegation in the petition was admitted by a failure to deny it.

The instruction properly submitted the issue as to the plaintiff's ability and willingness to comply with the terms of the contract; but that is premised on the peremptory instruction that the defendant had abandoned the contract. There was an issue sharply made by the pleadings and evidence as to which party had first breached the contract. Plaintiff's right to recover upon the contract was dependent upon a breach by the defendant while he was performing it. If he had failed to substantially comply with the provisions of his agreement, when the company was not in default, the breach was the plaintiff's, and the defendant was justified in treating it as a discharge. Page on Contracts, sec. 1434; Johnson v. Tackitt, 173 Ky. 406, 191 S. W. 117. The court therefore erred in holding as a matter of law that the defendant had abandoned the contract. When a contract is not performed, the party who is guilty of the first breach is generally the one upon whom rests all the liability for the nonperformance. That issue should have been submitted to the jury by an appropriate instruction. The instructions offered by the defendant on it appear to be too abstract and would require a literal and strict performance on the part of the plaintiff instead of a substantial one.

There is one point in issue, however, which need not have been submitted to the jury, and that is that the plaintiff had violated the terms of the contract in absenting himself from the work. It is shown he was off the job from time to time, on one occasion for several days; but he claimed it was because of sickness in his family, and that his absence was with the consent of the mine officers. It was not stipulated in the contract that he should be personally present or personally do the work, although it appears in evidence that because of his experience in such a dangerous and hazardous undertaking it was comprehended that he should do so. The company seems to realize this omission from the contract, and insists that it was the plaintiff's duty to stay on the job personally because of the provision that he would abide by the rules of the company and work under its supervision, and its officers had insisted and directed plaintiff to do so. We do not so construe the contract. At any rate, it is shown that, at the time the company took over the work, Robertson had been there for nine consecutive days or shifts, and it does not appear that his absence caused its abrogation of the contract.

The measure of damages submitted was the difference in the contract price and the cost to plaintiff of performing the contract, that is, his profit. It is submitted that it was the duty of the plaintiff to minimize his damages by seeking other employment, and that this should have been embraced in the instructions. This is not a contract for personal services, and hence does not come within the rule requiring such action on the part of the plaintiff. The instruction is in accordance with the measure of recovery in such cases as laid down in Harness v. Kentucky Fluor Spar Co., 149 Ky. 65, 147 S. W. 934, Ann. Cas. 1914A, 803, which exhaustively treats of the distinction between the two classes of contracts. See, also, 18 R. C. L. 1254; Ross v. Columbus Mining Co., 204 Ky. 474, 264 S. W. 1071; Columbus Mining Co. v. Ross, 218 Ky. 98, 290 S. W. 1052, 50 A. L. R. 1394; Wilson-Biggs Co. v. Wicker, 218 Ky. 158, 291 S. W. 10; Acme Mills v. Moore, 231 Ky. 720, 22 S. W. (2d) 105.

For the error indicated, the judgment is reversed for consistent proceedings.