## Blue Diamond Coal Company v. Robertson.

(Decided March 22, 1932.)

JESSE MORGAN for appellant.

S. M. WARD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellee, L. D. Robertson, sued the appellant for breach of contract to rob a mine and recovered judgment for $1,000. Because of error in the instructions, that judgment was reversed in Blue Diamond Coal Co. v. Robertson, 235 Ky. 425, 31 S. W. (2d) 701. Upon a second trial he recovered a judgment for $2,000 from which this appeal is prosecuted. The facts may be found in the first opinion.

As on the former appeal, appellant's argument is addressed to evidence tending to prove that appellee had not personally stayed on the job, which it was contemplated he would do because of the confidence which the appellant had in his ability and experience in this hazardous undertaking. Of course, the contract is to be construed according to its tenor and terms and not by the evidence of what was in the mind of one of the parties. The provision in the contract that the work should be done under the supervision of the company's foreman or superintendent, and that Robertson would abide by its rules, is construed by the appellant as giving the company absolute control over the movements and labors of Robertson, as well as the right to direct the manner of his operations. The former opinion of this court construed the contract differently, and under a well-known rule we must adhere to that construction even were we inclined to interpret the contract otherwise. It was a contract to remove the coal and not one for personal services.

It is submitted that the plaintiff's evidence of his ability to have carried out the contract and as to what it would have cost him to do so was too indefinite and uncertain to justify submission of the case to the jury; and it is further claimed that such evidence as was given on those points was brought out through leading questions. Some of the questions propounded to plaintiff were of that nature, but by no means were they so flagrantly in violation of the rule of practice relating to the interrogation of witnesses as to be prejudicial. The plaintiff stated without equivocation that he was able and ready to proceed with his contract when discharged and he was subjected to cross-examination as to his situation in that respect. Concerning the cost of performance the plaintiff testified that it would vary, but taking all his evidence into consideration we think it shows that the cost would have been from 44½ to 46 cents per ton.

Based upon the small tonnage removed by the appellee during the time he was engaged in the operations and the actual expenses incurred, it is argued by appellant the evidence is conclusive that the total cost to appellee would have been greater than the aggregate contract price for its removal. It is not to be overlooked, however, that the evidence of the plaintiff was that the mine was in a very bad condition for such work when he started in, and that he had to clean it up before he could remove the coal, and that this initial cost would have been spread over the entire tonnage.

The record presents a simple case of conflicting evidence on the issues of who first breached the contract and the amount of damages. It was for the jury to decide, and they reached the conclusion that the plaintiff had made out his case and was entitled to damages. The award was only about one-third of what the plaintiff's evidence tended to show he could have realized if he had been permitted to complete the contract.

The first instruction enumerated the terms of the contract relating to the plaintiff's undertaking and included the phrase, ''except that he was not required to be personally present.'' Criticism of the instruction is made on the ground of emphasis or prominence given that matter and of a failure to go further and say that it was incumbent upon the plaintiff to give such personal attention to the work that he could know that it was

progressing in accordance with the terms of the contract. The indefiniteness of the contract respecting the personal duties of the plaintiff probably justified the inclusion of the clause objected to, although it might well have been omitted. But to have included the qualification for which appellant contends would have required of the plaintiff something not demanded by the terms of the contract.

The second instruction authorized the jury to find for the defendant, if they believed from the evidence that the plaintiff had failed or refused to work "in the way and manner set out and provided for in said contract." This, it is said, left the construction of the contract to the jury. The first instruction had advised the jury what the plaintiff's obligations were "under and according to the provisions of said contract." And perhaps in giving the converse or correlative instruction it would have been better to refer to that outline of his duties. But reading the instructions together the jury could not have been misled or have understood that they should construe the terms of the contract read in their hearing.

We find no prejudicial error in the record, and the judgment is therefore affirmed.