**Samuel Gerald NALLY, Appellant,**

v.

**Ted Lee BOOP, William Cline and Manuel Thornton, Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

As Modified on Denial of Rehearing June 21, 1968.

Charles L. Hobson, Frankfort, for appellant.

Daniel Boone, Louisville, for Boop.

Marion Rider, Frankfort, for Cline and Thornton.

OSBORNE, Judge.

This is an appeal by Samuel Gerald Nally from a judgment of the Franklin Circuit Court entered upon a directed verdict awarding the appellee Ted Lee Boop $11,000 for personal injuries and the appellee Manuel Thornton $2323 for property damages. The judgment also dismisses the complaint of appellee Boop against the appellee Cline and the crossclaim of appellant Nally against the appellee Cline. The facts out of which the litigation arose are as follows:

On August 10, 1962, about 1:15 a. m. appellant Nally was entering onto Highway 60 from the private entrance of the Holiday Inn on the outskirts of Frankfort when an automobile owned by Manuel Thornton and operated by William Cline, in which Ted Lee Boop and Jerry Buckmaster were riding as passengers, came over the hill from Frankfort going in the direction of Louisville. The Cline automobile struck the Nally automobile in the rear after the Nally automobile had turned onto highway 60 and traveled some distance in the direction of Louisville. It is undisputed that the Cline automobile at the time it struck the Nally automobile was braking hard and skidded into the rear of the Nally automobile with its right side. It was testified by the highway troopers, who investigated the accident, that the Nally automobile traveled at least 150 feet before it finally came to rest and that the debris was within 25 feet of a telephone pole which was 81 feet from the center of the driveway to the Holiday Inn making the debris 106 feet from the center of the Holiday Inn driveway from which the Nally automobile had exited.

■■ The trial court at the conclusion of all the evidence peremptorily instructed the jury to find for the appellee Boop against the appellant and to find for the appellee Cline on appellant's crossclaim against Cline. The action of the trial judge was based upon the opinions of this court in Riggs v. Miller, Ky., 396 S.W.2d 69 and Chambliss v. Lewis, Ky., 382 S.W.2d 207. The case at bar is distinguishable from these cases. In the Riggs case the driver of the vehicle entering from the secondary road testified that he did not come to a stop before entering upon the primary highway. The debris was found in the middle of the primary highway about 20 to 25 feet from the intersection. In the case at bar the evidence is undisputed that Nally stopped before entering upon the primary highway and the debris was found 106 feet west of the intersection in the westbound lane. In the Chambliss case the car entering from the secondary highway intended to cross the highway and was not turning with the traffic. The collision took place in the intersection. For the purposes of peremptory instructions the evidence most favorable to the parties against whom the motion is made must be taken as true, Metcalfe v. Hooper, Ky., 400 S.W.2d 531. Nally testified that he stopped before entering highway 60 and looked in both directions, and that he only saw the shadow of lights looming up over the hill from the east. Proof shows that an automobile can be seen in this direction by one sitting in a car for a distance of 750 feet. Proof further shows that the speed limit in this area is 45 miles per hour. With no vehicle in sight, he pulled onto highway 60 and turned west traveling 106 feet before being struck in the rear. Under these facts we do not believe appellant Nally was guilty of negligence as a matter of law, Siler v. Williford, Ky., 350 S.W.2d 704. Therefore, the issue of the negligence of Nally should have been submitted to the jury.

■ The trial court granted Thornton a directed verdict on the claim of Boop

and on the claim of Nally for the reason that the agency of Cline was not established. We believe this was proper and the judgment should be affirmed to this extent. It is insisted by the appellees Thornton and Cline that Nally's appeal should be dismissed as to them as his claim was for only $1860, the damages to his car, and no motion for an appeal was filed. We have held that where several sums, some of which are less than the jurisdictional amount, total more than the jurisdictional amount, no motion is necessary. Creech v. Jackson, Ky., 375 S.W.2d 679, and Dr. Pepper Bottling Company v. Ricks, Ky., 376 S.W.2d 299.

■ In presenting the jurisdictional question, appellees Cline and Thornton question the propriety of the trial judge's action in allowing appellant to file an amended crossclaim seeking contribution or indemnity from them for any judgment rendered against appellant in favor of Boop or Thornton. In view of our disposition of the jurisdictional issue, it is unnecessary to decide this question in that context, however, since this case must be retried, we will discuss the propriety of this crossclaim. Since Boop has brought a claim against Nally, Cline and Thornton, the crossclaim insofar as it alleges a right of contribution from Cline and Thornton on Boop's claim is "unnecessary and pointless." Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137. The determination of the jury on Boop's claim will finally settle that issue. The crossclaim does present a real issue insofar as it seeks contribution from Cline on any judgment in favor of Thornton for damage to the Thornton car. Such a crossclaim may be allowed under CR 14.01 in the judge's discretion if it does not unduly complicate the issues before the jury. Johnson & Church Division, York-Shipley, Inc. v. Miller, Ky., 414 S.W.2d 893. In this case the trial judge allowed the crossclaim and properly so. Therefore, whether Nally is entitled to contribution from Cline for any judgment in favor of Thornton must be determined on retrial. In Parker v. Redden, Ky., 421 S.W.2d 586, it is suggested that where other issues whose decisions are dispositive of a right to contribution on a crossclaim such as this, are presented to the jury such a claim may properly be reserved and determined by the judge on the basis of the jury's findings on the other issues. This course could be followed here, for what the jury determines on Boop's claim against Nally and Cline will likewise be dispositive of Nally's claim for contribution against Cline. However, the issue of contribution could be submitted to the jury under proper instructions. Whether such proper instructions would allow separate and unequal verdicts against Cline and Nally has not yet been decided by this court. Parker v. Redden, supra.

■ All of the above discussion refers to contribution, for no right to indemnity exists under the fact situation in this case. A right to indemnity is the common law right to recover the total loss from another. It arises only "where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection * * *" Brown Hotel Co. v. Pittsburg Fuel Co., 311 Ky. 396, 224 S.W.2d 165. See also Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137. Such a relationship is not involved here.

The judgment is affirmed in so far as it dismisses the claims of Boop against Cline and Thornton and the claims of Nally against Thornton both for damages and for contribution, and reversed in all other respects for a new trial consistent with this opinion.

All concur.