Wayne S. LUNSFORD, Appellant,

v.

John R. ELFERS, Appellee.

No. 87–CA–1605–MR.

Court of Appeals of Kentucky.

Aug. 19, 1988.

Wayne S. Lunsford, Covington, pro se.

Martin J. Huelsmann, Ft. Mitchell, for appellee.

Before COMBS, HAYES and McDONALD, JJ.

COMBS, Judge.

Appellant, Wayne Lunsford, retained the professional services of attorney and appellee, John Elfers, to represent him in a civil lawsuit in February of 1982. Lunsford filed a professional malpractice claim in the Kenton Circuit Court in March of 1987, alleging that Elfers had malpracticed his 1982 lawsuit. The trial court dismissed Lunsford's claim in May of 1987, judging that the claim was barred by the applicable statute of limitation which is codified at KRS 413.245. The basis of Lunsford's appeal is that the trial court misapplied the statute of limitation.

KRS 413.245 provides that actions such as this "shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured."

Lunsford's complaint itself stated that the malpractice of Elfers occurred over four years before the complaint was filed.

Lunsford argues on appeal that his claim is not barred by the statute because he did not become aware of the malpractice until "some three (3) years" after it occurred, and that he filed his claim within one year from the date he discovered his injury.

Lunsford's appeal is fatally defective in one respect. He failed to timely bring his meritorious argument to the attention of the trial court. The complaint on its face states that it is being brought long after the statutorily regular one-year period of limitation. Nowhere in the complaint did Lunsford explain that his perceived cause of action went undiscovered for three years, and that it could not have been discovered sooner by exercising due diligence.

Elfers asserted the affirmative defense under KRS 413.245, and accordingly moved the court to dismiss the lawsuit. Lunsford moved the court for additional time in which to respond to the motion to dismiss. The court granted Lunsford an additional ten days to do so. The ten days passed with Lunsford again failing to respond with any evidence that the alleged malpractice went undiscovered for three years. An additional two weeks passed before the trial court dismissed the complaint.

Four days after the complaint was dismissed Lunsford responded to the motion to dismiss, mentioning for the first time that he did not know of the alleged malpractice until three years after he claimed it occurred. Then was too late. Plaintiffs must anticipate the defense of a statute of limitation in cases such as this and allege in their complaints facts necessary to overcome the defense. *Skaggs v. Vaughn*, Ky. App., 550 S.W.2d 574 (1977); *Boone v. Gonzalez*, Ky.App., 550 S.W.2d 571 (1977).

The judgment of the Kenton Circuit Court is affirmed.

All concur.