232

AFFHOLDER, INC., Plaintiff,

v.

PRESTON CARROLL COMPANY, INC.; CFW Construction Company, Inc., Defendants and Third–Party Plaintiffs–Appellants.

Louisville and Jefferson County Metropolitan Sewer District, Third–Party Defendant,

H.C. Nutting Company; Hubbard E. Rudy Consulting Engineers; James Winstead & Associates, Inc.; Presnell Associates, Inc., E. Lionel Pavlo, Consulting Engineer, D.M.J.M., Inc., successor in name to Vollmer Associates, Inc., d/b/a Vollmer–Presnell–Pavlo Joint Venture, Third–Party Defendants–Appellees.

No. 92–5166.

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Dec. 7, 1992.

Decided June 22, 1994.

Order Denying Rehearing and Suggestion for Rehearing En Banc Aug. 24, 1994.

G. Carroll Stribling, Jr., Clayton, MO, for plaintiff.

R. Gregg Hovious Brown, Todd & Heyburn, Louisville, KY, and Lawrence C. Maxwell (briefed), Trabue, Sturdivant & DeWitt, Nashville, TN, for defendants-appellants.

Thomas J. Kirkwood (argued and briefed), Thompson, Hine & Flory, Cincinnati, OH, and Walter J. Swyers, Jr. (argued and briefed), Louisville, KY, for third-party appellees.

Before: KENNEDY and BATCHELDER, Circuit Judges; and ENGEL, Senior Circuit Judge.

### ORDER

In this diversity case, we have asked the Supreme Court of Kentucky to assist us in resolving several unprecedented questions of Kentucky state law. We are indebted to the Justices of that court for helping to ensure that the law of Kentucky is accurately reflected in the decisions of this court. Having

considered the analysis contained in the Kentucky Supreme Court's certification opinion, we REVERSE the judgment of the district court in this case, and REMAND for further proceedings consistent with the law of Kentucky as expressed in the certification opinion, a copy of which is appended hereto.

Appellees have filed on April 23, 1994, a motion to substitute parties. Appellants have filed on May 13, 1994, a motion to substitute counsel. In view of our remand to the district court, these motions in our court are denied but without prejudice to any right of the parties to resubmit the same to the district court.

### APPENDIX

### Supreme Court of Kentucky

No. 93-SC-529-CL

March 24, 1994

PRESTON CARROLL COMPANY, INC., CFW CONSTRUCTION COMPANY, INC., ET AL.

v.

H.C. NUTTING COMPANY, HUBBARD E. RUDY CONSULTING ENGINEERS, INC., ET AL.

ON REQUEST FOR CERTIFICATION OF

THE LAW FROM THE UNITED

STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

NO. 92-5166

*CERTIFICATION OF THE LAW*

In 1974, the Louisville and Jefferson County Metropolitan Sewer District of Jefferson County, Kentucky, undertook the planning and construction of a waste water treatment project to serve both the North County area and the Pond Creek–West County Areas of Louisville. In 1982, a legal action was filed in the United States District Court for the Western District of Kentucky involving the project. Since that time, various Federal lawsuits have arisen at all levels of the Federal court system and are still technically unresolved in many respects.

Pursuant to CR 76.36, this Court has granted the request of the United States Sixth Circuit Court of Appeals to certify the law of Kentucky with respect to the following questions:

A. Does a general contractor have a claim for indemnity against a construction project's engineers who allegedly supplied deficient plans when the general contractor has been found liable or has acknowledged liability to the project's subcontractor for delay costs incurred as a result of deficient plans?

B. What statute of limitations governs a third party indemnity claim against a construction project's engineers for substandard engineering services?

C. If the general contractor has a claim for indemnity, when does the applicable statute of limitations commence to run on the third party indemnity claim against a construction project's engineers for substandard engineering services where the general contractor of a construction project acknowledges in writing the validity of a subcontractor's claim for extra costs incurred as a result of deficient design plans, including the amount of the claim and enters into a written agreement with respect to the payment of the claim providing that no payment is required unless the general contractor is successful on its indemnity claim?

1. Under what circumstances does the statute of limitations begin to run:

a. when the written agreement is executed?

b. when the general contractor is sued on the subcontractor's underlying claim?

c. when judgment is entered against the general contractor on the subcontractor's claim?

d. when payment is actually made?

2. Where the contractor and the subcontractor agree that the contractor need not pay unless he collects on the indemnity claim, does this postpone the running of the statute of limitations since there has been no payment?

In 1974, Metropolitan Sewer District of Louisville (MSD) contracted with Vollmer

Associates, Inc., Presnell Associates, Inc., and Pavlo Engineers, Inc., to provide design and management services for a construction project. H.C. Nutting Co. contracted with those same engineering firms to provide soil testing and services in line with the demands of the construction project.

Hubbard E. Rudy Consulting Engineers contracted with MSD to provide engineering and construction project estimates. Based on the information and estimates provided by the engineering firms, MSD then contracted with Preston Carroll Co., Inc., and CFW Construction Company, Inc., to perform the actual construction. The construction companies subcontracted the underground work to Affholder, Inc. Construction started in 1979 and was completed and accepted in February 1981.

Affholder encountered difficulties in the project based on alleged errors in design and soil conditions. MSD rejected these claims for increased costs in April 1981. On January 7, 1982, Affholder entered into a "pass through" agreement with the construction firm. The parties decided the claims were justified and Affholder agreed not to seek relief from the construction companies except in any amount recovered by those companies.

Affholder filed suit against the construction companies on March 23, 1982. A third party complaint was filed by the defendants against MSD on June 10, 1982 which was amended on July 12, 1983 to include the engineering companies. The United States District Court dismissed Affholder's claim as being nonjusticiable and also dismissed the third party complaint. The Sixth Circuit reversed as to the third party complaint, 866 F.2d 881, but on remand, the third party defendant's motion for summary judgment was granted pursuant to a statute of limitations argument. On review of that summary judgment, the Sixth Circuit Court of Appeals now seeks clarification of the applicable Kentucky statute of limitations.

### I.

■ A general contractor does have a claim for indemnity against a construction project's engineers who supplied deficient plans when the general contractor has been found liable or has acknowledged liability to the project's subcontractor for delay costs incurred as a result of deficient plans. Indemnity arises where "one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is nevertheless, thereby exposed to liability ..." *Nally v. Boop*, Ky., 428 S.W.2d 607 (1968). The construction companies are potentially exposed to liability because of the alleged failures of the engineers. If liability attaches and if the cause of that liability rests on the engineers, the construction companies are entitled to indemnity.

### II.

■ The parties argue that there are two possible statutes of limitation which apply to the facts of this case. KRS 413.120 provides that a claim for indemnity must be brought within five years. KRS 413.245 provides for a one year statute of limitations for actions "arising out of any act or omission in rendering, or failing to render, professional services for others ..."

Previous decisions have applied the one year statute of limitations of KRS 413.245 to doctors, *Underhill v. Stephenson*, Ky., 756 S.W.2d 459 (1988), attorneys, *Lunsford v. Elfers*, Ky.App., 756 S.W.2d 146 (1988), and a registered licensed civil engineer, *Vandevelde v. Falls City Builders, Inc.*, Ky.App., 744 S.W.2d 432 (1988). The mere fact, however, that one is licensed or regulated by the state does not make the services rendered "professional." *Plaza Bottle Shop., Inc. v. Al Torstrick Ins. Agency, Inc.*, Ky.App., 712 S.W.2d 349 (1986).

The primary focus of the current matter before this Court does not involve the professional status of the parties. It is a case about indemnity. There is nothing within the record of this case to convince this Court that a review of the term "professionals" as contemplated by KRS 413.245 is required. The appropriate statute of limitations is the five-year period of KRS 413.120.

### III.

■ The final question brought to this Court involves the commencement of the

running of the appropriate statute of limitations. A party is responsible to know the date on which a cause of action is or reasonably should have been discovered. It is that knowledge, whether actual or imputed, that triggers the start of any applicable statute of limitations. *Gill v. Warren*, Ky.App., 751 S.W.2d 33 (1988). Knowledge that one has been wronged starts the running of the statute of limitations. *Conway v. Huff*, Ky., 644 S.W.2d 333 (1982).

The damage or wrong which has occurred in the current matter before this court is the potential liability claimed by Affholder against the construction companies. Even though those parties had previously discussed the cost overruns, it was not until the action was filed that the construction companies had sufficient notice of potential liability. Until such time as Affholder sought relief, any indemnity claim by the construction companies was purely speculative because their potential for liability was purely speculative and very possibly non-existent.

The date of the filing of the claim was the first moment in time that the construction companies could have possibly known that they were facing potential liability. It is that knowledge which triggers the beginning of the running of the statute of limitations. The appropriate five year statute of limitations pursuant to KRS 413.120 for an indemnity claim by the construction companies against the engineering firms began to run with the filing of Affholder's action against those construction companies on March 23, 1982.

The law of Kentucky is so certified.

STEPHENS, C.J., and LAMBERT, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissenting in part.

Respectfully, I dissent as to Part III of the Majority Opinion.

In Part III we state that the statute of limitations on the claim for indemnity was triggered by "the filing of the claim" in court. In my opinion the event triggering the running of the statute of limitations occurred January 7, 1982. This was the date of the "pass through" agreement negotiated between Affholder and PC/CFW wherein the parties (1) agreed Affholder's claim was justified and (2) acknowledged PC/CFW's liability to Affholder subject to recoupment.

I concur with the remainder of the Majority Opinion.

### ORDER

Aug. 24, 1994

The petition for rehearing with the suggestion for rehearing en banc has been filed by the attorneys for H.C. Nutting Company, Hubbard E. Rudy Consulting Engineers, James Winstead & Associates, Inc., Presnell Associates, Inc., E. Lionel Pavlo, Consulting Engineer, D.M.J.M., Inc., successor in name to Vollmer Associates, Inc., d/b/a Vollmer–Presnell–Pavlo Joint Venture.

No active member of the court having requested a vote on the suggestion for rehearing en banc, the matter was referred to the original panel. Upon consideration it is ordered that the petition for rehearing is denied.

In denying the petition, the court expressly states that it does not decide whether any of the subsequent events recited in the petition for rehearing affect the underlying claim for indemnity.