**ARA SERVICES, INC., Appellant,**

v.

**PINEVILLE COMMUNITY HOSPITAL, Appellee.**

**No. 1997–CA–002443–MR**

Court of Appeals of Kentucky.

Jan. 22, 1999.

As Modified Feb. 19, 1999.

Discretionary Review Denied by Supreme Court Oct. 13, 1999.

Douglas L. Hoots, Darla L. Keen, Landrum & Shouse, Lexington, Kentucky, for Appellant.

James P. Grohmann, O'Bryan, Brown & Toner, Louisville, Kentucky, for Appellee.

Before HUDDLESTON, KNOPF and MILLER, Judges.

*OPINION*

HUDDLESTON, Judge.

ARA Services, Inc. appeals from a Bell Circuit Court order that directed it to reimburse Pineville Community Hospital for a portion of the attorney's fees paid and costs incurred as a result of a negligence action instituted by Betty Lewis.

On July 17, 1986, the Hospital contracted with ARA to manage the Hospital's food service department on its premises in Pineville and to supervise the preparation and service of food for patients, staff, employees and visitors. ARA agreed to indemnify, defend and hold harmless the Hospital against all claims for loss or damage, including reasonable attorney's fees, attributable to ARA's sole negligence.

On August 10, 1992, Betty Lewis, an employee of ARA, was injured while at a picnic sponsored by the Hospital. Although Lewis was not acting within the scope of her employment at the time she was injured, she received workers' compensation benefits as a result of a settlement with ARA. Lewis then sued ARA, the Hospital and several individual ARA employees alleging that she was seized at the picnic by certain ARA employees who threw her in a pool. Lewis claimed that the individuals were liable to her for assault, battery and negligence. She also claimed that the conduct of the individuals should be imputed to ARA and the Hospital, and she asserted a separate ground against ARA based on premises liability.

ARA was dismissed from the lawsuit by an agreed order, but was joined as a third-party defendant by the Hospital. The circuit court granted ARA's oral motion to dismiss the Hospital's third-party complaint against it, and ARA did not participate in the subsequent trial.

The jury returned a unanimous verdict in favor of the Hospital and ARA. On September 3, 1996, the trial court entered an order dismissing the Hospital's third-party complaint against ARA. Soon after, the trial court granted the Hospital's mo-

tion to amend that order, finding ARA "responsible for a portion of the expenses and attorney fees."

On December 12, 1996, ARA filed a notice of appeal to this Court followed by the Hospital's notice of cross-appeal. Both the appeal and cross-appeal were dismissed because they were taken from a non-final order. Upon remand, the trial court awarded the Hospital the sum of $13,-427.39 in attorney's fees and costs against ARA. This appeal followed.

■ On appeal, the question is not whether we, the reviewing court, would have decided the issue differently, but whether the findings of fact are clearly erroneous, the opposite result is compelled, or the trial court abused its discretion. *See Cherry v. Cherry,* Ky., 634 S.W.2d 423 (1982).

■ The Supreme Court of Kentucky certified the law involving third-party claims of indemnity following the judicial imposition of comparative negligence, later codified in Ky.Rev.Stat. (KRS) 411.182, to the United States Court of Appeals for the Sixth Circuit in an unpublished opinion, *Preston Carroll Co., Inc., v. H.C. Nutting Co.* (No. 93–SC–529–CL, rendered March 24, 1994). In the opinion, set forth as an appendix to *Affholder, Inc. v. Preston Carroll Co., Inc.,* 27 F.3d 232 (6ᵗʰ Cir.1994), and relied on by the Sixth Circuit, the Supreme Court explicitly recognizes the existence of a cause of action for indemnity, post-comparative fault:

> Indemnity arises where "one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is nevertheless, thereby exposed to liability. . . ." *Nally v. Boop,* Ky., 428 S.W.2d 607 (1968).

*Affholder,* 27 F.3d at 234. The Supreme Court also continues to recognize an indemnity obligation "assumed contractually." *Crime Fighters Patrol v. Hiles,* Ky., 740 S.W.2d 936, 938, (1987).

■ ARA argues that the Hospital has neither a contractual nor a common law right of indemnity for attorney's fees and costs. ARA bases its argument on the ground that it was found not liable for Lewis's injuries and says that there can be no indemnity without liability. We agree.

The trial court awarded the Hospital attorney's fees and costs based on paragraph 12 of the ARA contract, which provides that:

> Notwithstanding anything herein to the contrary, ARA agrees to indemnify, defend and hold harmless the [Hospital], its agents, officers and employees, against all claims for loss or damage, including reasonable attorney's fees, attributable to ARA's sole negligence, acts or failures to act in performing under this Agreement.

The trial court reasoned that the evidence at trial "indicate[d] strongly that ARA's employees intentionally committed the act of which the Plaintiff complained." Thus, the trial court concluded, ARA is responsible for a portion of the Hospital's expenses and attorney's fees.

Contracts are, of course, to be construed according to their terms. *Blue Diamond Coal Co. v. Robertson,* 243 Ky. 584, 49 S.W.2d 335, 336 (1932). Here, the terms of the contract are clear. ARA assumed all claims for loss or damage attributable to ARA's sole negligence, acts or failure to act. The jury determined that ARA was not negligent; hence ARA is not contractually liable to the Hospital.

Although the trial court held that ARA's indemnity obligation to the Hospital was based on the contract they had entered into, the Hospital argues that under *Crime Fighters Patrol v. Hiles, supra,* and *Brown Hotel Company v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (1949), "no error can be found in the trial court's judgment." The Hospital insists that where one is exposed to liability for failing to prevent an attack, the defendant is entitled to complete indemnity from the attacker.

In *Hiles*, the injured plaintiff sued White Castle for negligently failing to exercise reasonable care to prevent an assault upon him, and White Castle brought a third-party complaint against Crime Fighters Patrol, a company that provided it with security guards, on the basis that it breached an agreement with White Castle to maintain order, and for indemnity. The Supreme Court ruled that if White Castle and Crime Fighters Patrol were found liable, they would be entitled to complete indemnity from the assailant. The Supreme Court likened the *Hiles* fact scenario to *Brown Hotel, supra.* In *Brown Hotel*, Pittsburgh Fuel left the lid of a manhole insecure and Brown Hotel failed to maintain its premises free from this dangerous condition. Kentucky's highest court held that Brown Hotel was entitled to complete indemnity from Pittsburgh Fuel. Both the *Hiles* and *Brown Hotel* courts reiterated the common law rule that "there may be complete indemnity where one party's liability is secondary because it arose from the negligence of the other party and would have not have arisen but for it." *Brown Hotel*, 224 S.W.2d at 168. The Hospital's reliance on *Brown Hotel* and *Hiles* is misplaced. Here, the Hospital was determined not to be liable for Lewis's injuries; there can be no indemnity since there is no liability.

As previously noted, both the Hospital and ARA were found not responsible for the acts of certain individuals that were employed by ARA, but who, at the time of the injury, were not acting in the course and scope of their employment. In *Poole Truck Line v. Commonwealth, Transportation Cabinet*, Ky.App., 892 S.W.2d 611, 614 (1995), this Court held that "[b]oth indemnity and contribution depend upon liability by one or both parties to the original claimant who suffered the original loss. Without such liability, there is no independent right to indemnity or contribution." Because the Hospital was not held liable to Lewis, it does not have an independent right to indemnity.

The Hospital also argues that ARA's workers compensation defense cannot withstand scrutiny. In the instant case the fact that Lewis received workers' compensation benefits from ARA as the result of a settlement agreement has no bearing on Hospital's indemnity claim against ARA.

The order awarding the Hospital attorney's fees and costs from ARA is reversed.

ALL CONCUR.