Anthony THOMPSON and Liberty Mutual Insurance Co., Plaintiffs,

Merrick Mechanical, Inc. and Barton Malow Co., Inc., Defendants–Appellees,

v.

THE BUDD CO., Defendant–Appellant.

No. 00–5548.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2001.

Before SILER and GILMAN, Circuit Judges; DONALD, District Judge.*

OPINION

GILMAN, Circuit Judge.

This appeal involves a dispute between The Budd Co. and Merrick Mechanical, Inc. regarding the applicability of an indemnity clause contained in the maintenance service contract governing their relationship. One of Merrick's employees filed suit against Budd arising out of personal injuries incurred when the employee was working on Budd's premises. According to the contract, Merrick agreed to indemnify Budd for all of the latter's costs, damages, and attorney fees relating to personal injury claims, even those incurred as a result of Budd's own negligence, so long as Budd was not grossly negligent. The district court granted summary judgment for Merrick, holding that Merrick had no contractual indemnity obligation under Kentucky law unless Budd was first found liable to the injured worker. Because we conclude that Kentucky law is contrary to the district court's ruling, we REVERSE its judgment and REMAND the case for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. Factual background

Budd entered into a maintenance contract with Merrick for the latter company to service and maintain Budd's heating, ventilation, and air-conditioning system (HVAC). While servicing Budd's HVAC system, Anthony Thompson, an employee of Merrick, stepped through a pair of dou-

ble doors on a mezzanine level electrical substation and fell to the plant floor sixteen feet below. The fall left Thompson a paraplegic, and served as the underlying basis for this lawsuit. At issue in this appeal is a clause within the contract between Budd and Merrick which reads as follows:

> Seller [Merrick] agrees to indemnify, defend and hold harmless the buyer [Budd], its affiliates, customers and each other party to which its products are provided and each of their shareholders, directors, officers, employees and agents from and against any and all demands, action, causes of actions, suits, costs, fees, penalties, damages, (consequential and otherwise,) attorney fees and all other liabilities and all obligations arising out of or relating to: (a) personal injuries damages or death to any natural person or damage to any property . . . . *Seller's indemnification shall be applicable even as to losses caused in whole or in part by an indemnitee's negligence, but shall not apply to the extent that losses are clearly shown to have resulted solely and directly from gross negligence or willful misconduct of such indemnitee.*

(Emphasis added).

### B. Procedural background

In March of 1996, Thompson sued Budd for negligence in a Kentucky state court. Budd removed the case to the United States District Court for the Eastern District of Kentucky based on diversity of citizenship. Thompson subsequently amended the complaint to name various other defendants, including the company that constructed Budd's plant. Budd then filed a cross-claim against these defen-

---

* The Honorable Bernice B. Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

dants, as well as a third-party complaint against Merrick (who was not named as a defendant in Thompson's lawsuit) for common law and contractual indemnification.

These indemnity claims were all dismissed by the district court following summary judgment motions by the defending parties. The court also dismissed Thompson's lawsuit against Budd based on the latter's motion for summary judgment. Thompson appealed the district court's dismissal of his suit against Budd, and settled his claims as to the other defendants. Budd cross-appealed the district court's denial of its indemnity claim against the co-defendants and Merrick.

On appeal, this court affirmed the dismissal of Thompson's claims against Budd, reasoning that Budd was a statutory "contractor" under Kentucky law. This relieved Budd of tort liability pursuant to the Kentucky Workers' Compensation Act. *See Thompson v. Budd Co.*, 199 F.3d 799, 805 (6th Cir.1999) (*Thompson I*). As to Budd's claims for indemnity against its co-defendants, with whom it had no contractual arrangements, this court affirmed the district court's denial of common law indemnity. *See id.* at 806–07.

This court construed Budd's contractual indemnification claim against Merrick, however, as providing for indemnification of Budd's legal expenses in defending the suit brought by Thompson irrespective of whether liability had been imposed on Budd. *See id.* at 808–09. Because Merrick could only escape the indemnification clause if Budd was "grossly negligent or engaged in willful misconduct," the case was remanded back to the district court to make factual findings on that issue. *Id.* at 810 ("[G]enuine issues of material fact remain as to whether Budd was grossly negligent or engaged in willful misconduct which led to Thompson's injuries. This issue must be remanded for further factual determinations.").

After the case had been remanded to the district court, Merrick filed a renewed motion for summary judgment, arguing that this court "neglected to consider" a recent Kentucky Court of Appeals case, *ARA Services, Inc. v. Pineville Community Hospital*, 2 S.W.3d 104 (Ky.Ct.App.1999), in which, according to Merrick, the state court held that one party to a contract cannot be required to indemnify the other party if neither has been held liable to the original plaintiff. On March 24, 2000, the district court granted summary judgment in favor of Merrick. It concluded that if Budd was not liable to Thompson, then Budd cannot recover on an indemnity claim against Merrick, even if such indemnity is called for by the terms of their contract. Budd filed a timely notice of appeal.

## II. ANALYSIS

### A. Standard of review

■ We review de novo the district court's grant of summary judgment. *See, e.g., Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists only when there is sufficient "evidence on which the jury

could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

B. The district court erred when it concluded that, despite the contractual language to the contrary, Merrick cannot be required to indemnify Budd

■ Kentucky law distinguishes between indemnification that arises out of the common law and indemnification that is "assumed contractually." *See Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936, 938 (Ky.1987). As this court declared in *Thompson I*, "a party cannot recover under a common law indemnity claim if it has not been held liable to a third party." *Thompson I*, 199 F.3d at 807. *Thompson I* therefore affirmed the denial of Budd's claim for common law indemnification against the co-defendants. In contrast, "[t]he nature of an indemnitor's liability under an indemnity contract shall be determined by the provisions of the indemnity agreement itself." *United States Fid. & Guar. Co. v. Napier Elec. and Constr. Co.*, 571 S.W.2d 644, 646 (Ky.Ct.App.1978).

■ Common law indemnity thus requires liability by the party against whom indemnity is sought; contractual indemnity does not. *Compare Poole Truck Line, Inc. v. Commonwealth*, 892 S.W.2d 611, 614 (Ky.Ct.App.1995) (holding in a common law indemnity case that "[b]oth indemnity and contribution depend upon liability by one or both parties to the original claimant who suffered the original loss") *with Fosson v. Ashland Oil & Ref. Co.*, 309 S.W.2d 176, 178 (Ky.1957) (holding that indemnity contracts in which one party agrees to indemnify another, even for those costs that are caused by the indemnitee's own negligence, are not against public policy).

This case presents us with the question of whether a contractual indemnity clause should be enforced when neither Budd nor Merrick were held liable in tort for the underlying injury to Thompson. In answering this question in the negative, the district court relied on *ARA Services, Inc. v. Pineville Community Hospital*, 2 S.W.3d 104 (Ky.Ct.App.1999), a case decided almost a year before *Thompson I*. The plaintiff in *ARA* sued both the indemnitor (ARA) and the indemnitee (Hospital) for personal injuries. After the jury returned a verdict for both defendants, the Hospital demanded contractual indemnification for its expenses and attorney fees. The contractual provision in question read as follows:

> Notwithstanding anything herein to the contrary, ARA agrees to indemnify, defend and hold harmless the [Hospital], its agents, officers and employees, against all claims for loss or damage, including reasonable attorney's fees, *attributable to ARA's sole negligence*, acts or failures to act in performing under this Agreement.

*Id.* at 106 (emphasis added).

In applying this contract to the facts of the case, the Kentucky court based its analysis on the following rule: "Contracts are, of course, to be construed according to their terms." *Id.* Its denial of contractual indemnity to the Hospital was thus based solely on the contractual language. The court reasoned that "[h]ere, the terms of the contract are clear. ARA assumed all claims for loss or damage attributable to ARA's sole negligence, acts or failure to act. The jury determined that ARA was not negligent; hence ARA is not contractually liable to the Hospital." *Id.*

■ In the present case, the district court based its denial of Budd's contractual indemnification claim solely upon the statement in *ARA* that "[b]ecause the Hospital was not held liable to Lewis, it does not have an independent right to indemnity." *See id.* at 107. This statement from *ARA*, however, was made in the context of

an argument by the Hospital that it was also entitled to a common law right of indemnity, and is thus not applicable to the contractual indemnity issue before us.

The district court apparently thought that *ARA* created a novel rule of contract law in Kentucky. According to the district court, all contractual language providing for indemnification is to be ignored "where no liability is found." *ARA* does not so hold, nor have we found any case that supports such a rule under Kentucky law. Rather, *ARA* reaffirms the principle in contractual indemnity claims that "contracts are, of course, to be construed according to their terms." *Id.* at 106.

Like *ARA*, the terms of the contractual language before this court are clear. Unlike *ARA*, however, the terms of Budd's contract with Merrick provide for a different result. Rather than providing for indemnification only in the event of Merrick's negligence, the contract at issue here was much broader than the indemnity provisions in ARA's agreement. As this court described in *Thompson I*, "only where the costs or attorney fees are 'clearly shown to have resulted solely and directly from [Budd's] gross negligence or willful misconduct' can Merrick avoid liability under ... these contractual provisions." *Thompson I*, 199 F.3d at 808 (brackets in original).

We agree with this court's previous interpretation of the contract, and reassert the principle that "[c]ontracts are, of course, to be construed according to their terms." *ARA*, 2 S.W.3d at 106. Accordingly, we reverse the district court's grant of summary judgment, which was based on its erroneous conclusion that the contractual provision should be ignored due to the lack of Budd's liability to Thompson.

This still leaves the factual question of whether Merrick might escape indemnification under the terms of the contract based on allegations of Budd's gross negligence or willful misconduct. We therefore remand the case to the district court, for the second time, to see that this factual determination is made. *See Thompson I*, 199 F.3d at 810 ("As the district court noted, genuine issues of material fact remain as to whether Budd was grossly negligent or engaged in willful misconduct which led to Thompson's injuries. This issue must be remanded for further factual determinations.").

C. There is no need to decide if the district court erred in granting summary judgment despite this court's prior determination that genuine issues of material fact remain

Budd also complains that the district court's grant of summary judgment erroneously ignored the law of the case, based on this court's prior determination that genuine issues of material fact remain as to whether Budd's conduct was grossly negligent or constituted willful misconduct. Because we are reversing the district court's grant of summary judgment based on its erroneous interpretation of Kentucky law, there is no need to address this claim of error.

## III. CONCLUSION

For all of the reasons set forth above, we REVERSE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.