Horace GARLAND; Martha Garland, Plaintiffs,

Triangle Enterprises, Inc., Third–Party Defendant–Appellant,

v.

TENNESSEE VALLEY AUTHORITY, Defendant/Third–Party Plaintiff–Appellee.

J. Paul Carneal; Mary Carneal, Plaintiffs,

Tennessee Valley Authority, Third–Party Defendant–Appellee,

Badham Insulation Company; Brauer Supply Company, Defendants,

v.

Triangle Enterprises, Inc., Defendant/Third–Party Plaintiff–Appellant,

Owens Corning Fiberglas Corporation, Defendant.

Frances Dee Hall, individually and as Executrix of the Estate of Burl R. Hall, Plaintiff,

v.

Owens Corning Fiberglas Corporation, et al., Defendants, Triangle Enterprises, Inc., Defendant/Third–Party Plaintiff–Appellant,

v.

Tennessee Valley Authority, Third–Party Defendant–Appellee.

Ronnie D. Bean, Plaintiff,

Triangle Enterprises, Inc.,
Defendant/Third–Party
Plaintiff–Appellant,

v.

Owens Corning Fiberglas Corporation,
Defendant,

Tennessee Valley Authority, Third–
Party Defendant–Appellee.

Nos. 02–5096, 02–5097, 02–5098, 02–5216.

United States Court of Appeals,
Sixth Circuit.

Argued: June 10, 2003.

Decided and Filed: July 9, 2003.

Kathy P. Holder (argued and briefed), Robert L. Steinmetz (briefed), Joseph B. Myers, Jr. (briefed), Frost, Brown & Todd, Kenneth L. Sales, Sales, Tillman & Walbaum, Louisville, KY, for Appellant.

Edwin W. Small (argued and briefed), Thomas A. Robins (briefed), Tennessee Valley Authority, Knoxville, TN, for Appellee.

Before MOORE and GIBBONS, Circuit Judges; SCHWARZER, Senior District Judge.*

OPINION

SCHWARZER, Senior District Judge.

Third-party Triangle Enterprises, Inc. ("Triangle") appeals from the dismissal of its third-party complaints for indemnity against third-party defendant Tennessee Valley Authority ("TVA"). In the four underlying cases, consolidated on appeal, the plaintiffs asserted that they were injured as a result of exposure to asbestos and alleged claims for damages based on strict liability, negligence, and breach of implied warranty. Their complaints al-

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

leged, in substance, that Triangle was negligent in removing and installing asbestos-containing products and failing to protect workers against asbestos exposure. In addition, the Garland complaint alleged failure to warn workers and to follow guidelines for safe handling of asbestos. Triangle filed third-party complaints against TVA for apportionment of fault based on allegations that TVA distributed and installed asbestos products at the work site. In its amended third-party complaints, Triangle further sought indemnity, alleging that TVA was negligent in failing to provide a safe place of employment and safeguards necessary to protect its employees, that any negligence on Triangle's part was secondary and passive, and that the active and primary negligence was TVA's.

TVA moved to dismiss the third-party complaints pursuant to Rule12(b)(6) and the district courts granted the motions. Fed.R.Civ.P. 12(b)(6). They held that if there is proof of fault on the part of TVA, an apportionment instruction is appropriate. An indemnity claim, however, was not available because wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability. This appeal followed. The district courts had jurisdiction under 28 U.S.C. § 1442(a)(1), and we have jurisdiction of the appeal under 28 U.S.C. § 1291. Because we find the record to be insufficient at this stage to determine whether Triangle may be entitled to indemnity, we vacate the judgments and remand for further proceedings.

## DISCUSSION

■ Kentucky law recognizes indemnity claims between tortfeasors. The leading case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), states:

> Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.

224 S.W.2d at 167. The Kentucky Supreme Court only recently reaffirmed the *Brown Hotel* principle in *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (2000), holding that the right to indemnity is available "where both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury" (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 256 Ky. 827, 77 S.W.2d 36, 39 (1934)).

■ The pleadings disclose that Triangle is an independent contractor who installed and tore out asbestos products on the premises of power plants in Kentucky owned and operated by the TVA. TVA is alleged to have provided asbestos-containing products and to have failed to furnish a safe workplace and to take proper precautions. The four plaintiffs who worked at those power plants allegedly contracted asbestos-related diseases as a result of their occupational exposure to asbestos at the TVA worksite.

A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957). The skeletal pleadings, which constitute the entire record before us, do not enable us to determine as a matter of law that Triangle could not establish that TVA's fault, if any, was "the primary and efficient cause of the injury." Thus, we cannot say, based on the current state of the pleadings, that Triangle can prove no set of facts entitling it to indemnity.

## CONCLUSION

For the reasons stated, we **VACATE** the judgments below and, without passing on the merits, **REMAND** for further proceedings consistent with this decision.