Herbert R. SWIFT; Patsy
F. Swift, Plaintiffs,

Triangle Enterprises, Inc., Third
Party Plaintiff–Appellant,

v.

CARDINAL INDUSTRIAL
INSULATION CO., et
al., Defendants,

Tennessee Valley Authority, Third
Party Defendant–Appellee.

No. 02–5718.

United States Court of Appeals,
Sixth Circuit.

Oct. 28, 2003.

Kathy P. Holder, Robert L. Steinmetz, Joseph B. Myers, Jr., Frost, Brown & Todd, Louisville, KY, for Plaintiff–Appellant.

---

Edwin W. Small, Thomas A. Robins, Tennessee Valley Authority, Knoxville, TN, for Defendant–Appellee.

Before: KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.[*]

## OPINION

GIBBONS, Circuit Judge.

Plaintiffs Herbert and Patsy Swift filed suit in Kentucky state court against Triangle Enterprises ("Triangle") and twenty-seven others for asbestos-related injuries Herbert Swift sustained during his employment with the Tennessee Valley Authority ("TVA"). The Swifts sought compensatory and punitive damages for claims based on strict liability, negligence, and breach of implied warranty. Triangle Enterprises then filed a third-party complaint against TVA seeking apportionment and common law indemnity under Kentucky law. TVA removed the case to the U.S. District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1442(a)(1). TVA moved for dismissal of Triangle's third-party complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The district court granted the motion. Triangle then filed a timely appeal of the district court's order.

*Garland v. Tennessee Valley Authority,* 336 F.3d 455 (6th Cir.2003), decided by this court July 9, 2003, presented a factual and procedural history virtually identical to the instant case. In *Garland,* we reviewed the district courts' grant of TVA's motions to dismiss third-party complaints filed by Triangle Enterprises.[1] *Id.* at 457.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1. In *Garland,* we reviewed four cases consolidated on appeal. *See Garland,* 336 F.3d at 456.

Triangle filed the third-party complaints after employees of TVA had filed suit against Triangle for asbestos-related injuries sustained while working for TVA. *Id.* The employees' complaints alleged claims based on strict liability, negligence, and breach of implied warranty. *Id.* at 456.

This court, citing the decision of the Kentucky Court of Appeals in *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), held that Kentucky law recognized indemnity claims between tortfeasors. *Id.* at 457. *See Brown Hotel Co.*, 224 S.W.2d at 167 (holding that where one party creates a hazard that exposes another party to liability, the "active wrongdoer ... can be compelled to make good to the other [party] any loss he sustained"). In addition, we discussed current Kentucky law on the right to indemnity as provided in *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000). In *Degener*, the Kentucky Supreme Court held that a right to indemnity arises "where both parties have been at fault, but not in the same fault, towards the party injured, and *the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.*" *Garland*, 336 F.3d at 457 (quoting *Degener*, 27 S.W.3d at 780) (emphasis added).

While in *Garland* we recognized Kentucky's law on indemnity, we held that the record, which included only minimal pleadings, "do[es] not enable us to determine as a matter of law that Triangle could not establish that TVA's fault, if any, was the primary and efficient cause of the injury."

*Id.* at 458 (internal quotation omitted). Since we could not establish that Triangle could prove no set of facts entitling it to indemnity, we vacated the judgments and remanded for further proceedings. *Id.*

As the parties acknowledge, the disposition of *Garland* controls this case. As in *Garland*, the pleadings presented in this case do not constitute a record that enables us to determine whether Triangle is unable to establish that TVA was the "primary and efficient cause" of Swift's injuries. *See Degener*, 27 S.W.3d at 780. Essentially, the Swifts' pleadings claim that Herbert Swift sustained asbestos-related injuries resulting from the sale of asbestos products in a dangerous condition by Triangle and that Triangle failed to adequately warn the public of the dangers of asbestos. Triangle's pleadings allege that TVA manufactured, sold, distributed, and/or installed asbestos-containing products at Swift's work sites and that Swift was exposed to asbestos-containing products while he worked for TVA. Based on these pleadings, we are unable to conclude that Triangle can prove no set of facts entitling it to indemnity.

For the reasons stated, we vacate the judgments below and, without passing on the merits, remand for further proceedings consistent with this decision.